IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. MORRIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.:  1:06CV01131 (HHK) |
| : | |
| BUVERMO PROPERTIES, INC., et al., : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES TO DEFENDANTS**

Plaintiff Jonathan H. Morris ("Morris" or "plaintiff"), through his undersigned counsel and pursuant to Fed.R.Civ.P. 26(a)(1), hereby submits the following initial disclosures and states as follows:

**A.    Individuals Likely To Have Discoverable Information**

The following individuals are likely to have discoverable information that plaintiff may use to support his claims:

1.    Jonathan Morris – Mr. Morris has knowledge of all matters and/or events set forth in his Complaint and may be contacted through counsel.

2.    John H. Gardner, III, 6501 West Langley Lane, McLean, Virginia 22101.  Mr. Gardner has knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo.  Mr. Gardner also has knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo.  Mr. Gardner also has knowledge regarding his interference in Buvermo's business dealings during plaintiff's tenure.

3.    Anthony J. LoPinto, Equinox Partners, 675 Third Avenue, 20th Floor, New York, New York 10017, (212) 661-2000.  Mr. LoPinto has knowledge of plaintiff's recruitment by Buvermo and, on information and belief, has knowledge of the terms of employment offered to plaintiff by Buvermo.

4. Marsha Pearcy, Equinox Partners, 1875 I Street, N.W., 5th Floor, Washington, D.C. 20006, (202) 429-9574. Ms. Pearcy has knowledge of plaintiff's recruitment by Buvermo and, on information and belief, has knowledge of the terms of employment offered to plaintiff by Buvermo.

5. Joost E. Tjaden, address and telephone number unknown. Mr. Tjaden has knowledge of matters related to plaintiff's employment with Buvermo and the termination of plaintiff's employment with Buvermo. Mr. Tjaden also has knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. Mr. Tjaden also has knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

6. Andre van Rhee, address and telephone number unknown. Mr. van Rhee has knowledge of matters related to plaintiff's employment with Buvermo and the termination of plaintiff's employment with Buvermo. Mr. van Rhee also has knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. Mr. van Rhee also has knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

7. Chris Zachariasse, address and telephone number unknown. Mr. Zachariasse has knowledge of matters related to plaintiff's employment with Buvermo and the termination of plaintiff's employment with Buvermo. Mr. Zachariasse also has knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. Mr. Zachariasse also has knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

8. Kara McCormick, 1901 North Moore Street, Suite 804, Arlington, Virginia 22209, (703) 465-8200. Ms. McCormick has knowledge of matters related to plaintiff's employment with Buvermo and the termination of plaintiff's employment with Buvermo. Ms. McCormick also has knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. Ms. McCormick also has knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

9. Steven Bonacci, The JBG Companies, 4445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815, (240) 333-3600. Mr. Bonacci has knowledge of matters concerning Gardner's retirement and the hiring of plaintiff's as Buvermo's president. On information and belief, Mr. Bonacci also has knowledge regarding Gardner's interference in Buvermo's business dealings during plaintiff's tenure. Mr. Bonacci also has knowledge regarding amounts paid to him

following termination of his employment with Buvermo for interests that he held in various projects while employed with the company.

10. Laura Preede, address and telephone number unknown. Ms. Preede has knowledge of matters concerning Gardner's retirement and the hiring of plaintiff as Buvermo's president. On information and belief, Ms. Preede also has knowledge regarding Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

11. Andrew van Horn, The JBG Companies, 4445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815, (240) 333-3600. Mr. van Horn has knowledge of matters concerning Gardner's retirement and the hiring of plaintiff's as Buvermo's president. On information and belief, Mr. van Horn also has knowledge regarding Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

12. Terry Hinderman, address and telephone number unknown. On information and belief, Mr. Hinderman has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

13. John Schlichting, The JBG Companies, 4445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815, (240) 333-3600. On information and belief, Mr. Schlichting has knowledge regarding the Reston JBG deal that was initiated during plaintiff's tenure with Buvermo, and has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

14. Steve Garchik, address and telephone number unknown. On information and belief, Mr. Garchik has knowledge regarding the Spotswood Valley Shopping Center deal that was initiated during plaintiff's tenure with Buvermo.

15. Burdiss Piper, address and telephone number unknown. On information and belief, Mr. Piper has knowledge regarding payments made to him by Buvermo and the services, or lack thereof, he provided to Buvermo for said payment.

16. Luciano Ripani, 2800 Pennsylvania Avenue N.W., Washington, DC 20007, (202) 342-0444. On information and belief, Mr. Ripani has knowledge regarding the meeting between plaintiff, Mr. Gardner, Mr. van Rhee and Mr. Tjaden that took place at the Four Seasons Hotel on or about March 22, 2006.

17. Jim Luck, Cushman & Wakefield, 1801 K Street, N.W., Washington, D.C. 20006, (202) 467-0600. On information and belief, Mr. Luck has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

18. Warren Dahlstrom, Cushman & Wakefield, 1801 K Street, N.W., Washington, D.C. 20006, (202) 467-0600. On information and belief, Mr. Dahlstron has knowledge of Mr. Gardner's

interference in Buvermo's business dealings during plaintiff's tenure.

19. Sharon Oliver, Meany & Oliver Companies, 1110 N Glebe Road, Arlington, Virginia 22201, (703) 516-7050. On information and belief, Ms. Oliver has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

20. Philip Meany, Meany & Oliver Companies, 1110 N Glebe Road, Arlington, Virginia 22201, (703) 516-7050. On information and belief, Mr. Meany has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

21. Jeffrey Title, Guggenhein Real Estate, 135 East 57th Street, 8th Floor, New York, New York 10022, (212) 651-0833. On information and belief, Mr. Title has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

22. Michael Glosserman, The JBG Companies, 4445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815, (240) 333-3600. On information and belief, Mr. Glosserman has knowledge regarding the Reston JBG deal that was initiated during plaintiff's tenure with Buvermo, and has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

23. Robert Stewart, The JBG Companies, 4445 Willard Avenue, Suite 400, Chevy Chase, Maryland 20815, (240) 333-3600. On information and belief, Mr. Stewart has knowledge regarding the Reston JBG deal that was initiated during plaintiff's tenure with Buvermo, and has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

24. Robert Baldwin, Columbia National Real Estate Finance, 1667 K Street, N.W., Suite 510, Washington, DC 20006, (202) 872-0737. On information and belief, Mr. Baldwin has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

25. Sheldon Weisel, Esq., Goulston & Storrs, 2001 K Street, NW, Suite 1100 Washington, D.C. 20006. On information and belief, Mr. Weisel has knowledge regarding the Spotswood Valley Shopping Center deal that was initiated during plaintiff's tenure with Buvermo.

26. Designated representative(s) of Buvermo Properties, Inc., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff

during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

27. Designated representative(s) of Fidelio Properties, 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

28. Designated representative(s) of F.P. Executive Partners, L.L.C., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

29. Designated representative(s) of Janivo Realty, Inc., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

30. Designated representative(s) of Donelux, Inc., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

31. Designated representative(s) of Orvan, Inc., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo")

and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

32.     Designated representative(s) of Fidelio Properties Management, Inc., 1901 N. Moore Street, Suite 804, Arlington, Virginia 22209. On information and belief, the designated representative(s) will have knowledge of matters related to plaintiff's employment with Buvermo Properties, Inc. ("Buvermo") and the termination of plaintiff's employment with Buvermo. The designated representative(s) will also have knowledge of matters related to plaintiff's compensation plan, the amounts due and owing to plaintiff pursuant to plaintiff's compensation plan, the deals initiated by Buvermo during plaintiff's tenure with Buvermo and thereafter, and the work performed by plaintiff during his tenure with Buvermo. The designated representative(s) will also have knowledge regarding Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

33.     John Donavan, American Partners Bank, 6903 Rockledge Drive, Suite 525 Bethesda, MD 20817. On information and belief, Mr. Donovan has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

34.     John T. Beaty, Jr., Beaty Haynes & Patterson, 7475 Wisconsin Ave Ste 800 0, Bethesda, Maryland, (301) 718-8600. On information and belief, Mr. Beaty has knowledge of Mr. Gardner's interference in Buvermo's business dealings during plaintiff's tenure.

This list does not include the names of individuals intended to be used solely for impeachment purposes.

At this time, discovery in this case is not complete. Therefore, plaintiff reserves the right to supplement this list if and when new information is later discovered or disclosed.

**B.     Documents, Data Compilations and Tangible Things**

Along with these initial disclosures, plaintiff produced copies of all documents, data compilations, and tangible things, that are in his possession, custody or control and that he may use to support his claims, unless solely for impeachment.

At this time, discovery in this case is not complete. Therefore, plaintiff reserves the right to supplement the documents produced in the event that additional documents or new information is later discovered or disclosed.

### C.     Computation of Damages

Plaintiff claims that he is owed approximately $2,250,000 in base salary that he would have earned had Buvermo not prematurely and wrongfully terminated his employment agreement with the company. In addition, plaintiff is seeking the value of his interest in two existing properties, known as the Sheraton Reston and Twinbrook Metro Park projects. Fidelio, directly or through its affiliated entities, is required to pay plaintiff an amount equal to 2.5% of the cash receipts or other consideration it recognizes in connection with these investments after Fidelio first recovers its initial investment plus a compounded rate of return of 10%.

In addition, plaintiff is seeking the value of his interest for all projects initiated from December 31, 2005 through June 26, 2015, including but not limited to the Spotswood Valley Shopping Center and a new Reston JBG deals. Fidelio, directly or through its affiliated entities, is required to pay plaintiff an amount equal to 15.5% of the cash receipts or other consideration recognized in connection with these investments, after Fidelio first recovers its initial investment plus a compounded rate of return of 10%.

Plaintiff also is seeking punitive damages and recovery of his attorneys fees for defendants'

fraudulent and other tortious conduct.

At this time, discovery in this case is not complete, and thus, the exact amount of plaintiff's damages cannot yet be determined. Therefore, plaintiff reserves the right to provide defendants with a revised computation of his damages at a later date when the necessary information is discovered or disclosed.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By:  /s/ Ziad P. Haddad
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on August 2, 2006, a true and correct copy of the foregoing was mailed, by first-class mail, to the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD 20850

/s/ Ziad Haddad
Ziad Haddad