**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN H. MORRIS : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Case No. |
| : | 1:06-CV-01131 (HHK) |
| BUVERMO PROPERTIES, INC., et. al., : | Next Event: Status Conference |
| : | April 20, 2007 at 10:30 a.m. |
| Defendants. : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Defendants Buvermo Properties, Inc., Fidelio Properties, F.P. Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., Fidelio Properties Management, Inc. and John Gardner (hereinafter referred to collectively as "Defendants") hereby file their Opposition to Plaintiff's Motion for Leave to File First Amended Complaint.

1. On August 31, 2006, Plaintiff filed a Motion for Leave to File First Amended Complaint to add a claim that his "compensation plan" set forth in his offer letter allegedly afforded him the "option" to invest his own equity in all future projects initiated by Defendants.

2. Defendants recognize that Rule 15 of the Federal Rules of Civil Procedure allows for the liberal amendment of pleadings. However, this Court has also recognized that a motion to amend may be denied as futile where "the proposed claim would not survive a motion to dismiss." Moore v. Motz, 437 F. Supp.2d 88, 94 (D. D.C. 2006).

3. In this case, like the other claims asserted in his Complaint, it is clear that the claim Plaintiff seeks to add is legally deficient. First, as evidenced by the offer letter produced in open court during the Scheduling Conference held on August 9, 2006, Plaintiff's employment with Defendant Buvermo Properties, Inc. was for an indefinite period, and was therefore

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW
11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

terminable "at-will." Accordingly, Plaintiff's right to participate in future projects ended when his employment was terminated on March 24, 2006. Further, according to the F.P. Executive Partners, LLC Operating Agreement that governed Plaintiff's rights to participate in future projects, any such right or interest that Plaintiff had at the time of his termination was subject to mandatory redemption. Accordingly, Plaintiff's proposed amendment would be futile as it is clear he had no continuing right or interest in Defendants or any projects with which they were involved following his termination in March 2006.

4. While Plaintiff's proposed amendment may not strictly be subject to dismissal under Rule 12(b)(6), the amendment is not legally supportable and Defendants intend to file a Motion for Summary Judgment as to each count set forth in Plaintiff's Complaint at the earliest possible date.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____/s/_____
Marc J. Smith
D.C. Bar No. 460255
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

Counsel for Plaintiff