IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN H. MORRIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No.: 1:06CV01131 (HHK) |
| : | Next Event: Status Conference |
| **BUVERMO PROPERTIES, INC., et al.,** : | April 20, 2007 at 10:30 a.m. |
| : | |
| **Defendants.** : | |

### PLAINTIFF'S OPPOSITION TO THE MOTION TO QUASH SUBPOENA FOR RECORDS AND TO THE OBJECTION TO SUBPOENA FOR RECORDS

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby opposes the Motion To Quash Subpoena for Records filed by defendants Buvermo Properties, et al. ("defendants") and Forrest Walpole, Esq. ("Mr. Walpole") and the Objection To Subpoena for Records filed by Mr. Walpole, and states as follows:

1. This case involves plaintiff's claims arising from defendants' termination of his ten-year term of employment with Buvermo Properties, Inc. ("Buvermo") and their subsequent refusal to recognize plaintiff's interests in various real estate projects to which he is entitled under the terms of his employment agreement.

2. In discovery, defendants produced a memorandum prepared by Mr. Walpole, who purportedly serves as Buvermo's corporate counsel, summarizing an interview that his office conducted with two principals of Equinox, the executive search firm that identified and placed plaintiff in his position with Buvermo (the "Walpole Memorandum"). See Exhibit 1. The Walpole Memorandum sets forth statements allegedly made by the Equinox principals that plaintiff was not guaranteed (at least not by Equinox) any term of employment with Buvermo. Id.

3.  Moreover, during plaintiff's deposition in this case, defendants' counsel, Marc Smith, took the additional step of questioning plaintiff on the statements made by the Equinox principals in the Walpole Memorandum.

4.  On December 1, 2006, the undersigned advised Mr. Walpole by e-mail of his intention to serve him with the attached subpoena, and further requested an address at which Mr. Walpole could be served with the subpoena or, alternatively, Mr. Walpole's consent to accept service by e-mail. See Exhibit 2 (Subpoena to Forrest Walpole, Esq.).

5.  On December 4, 2006, Mr. Walpole responded to the e-mail correspondence, but failed to provide any address at which he could be served. Mr. Walpole did not provide the undersigned with an address until late the following day (December 5), whereupon the undersigned immediately arranged for service on Mr. Walpole.

6.  Unfortunately, notwithstanding multiple attempts to serve him on December 5 and 6, the process server was unable to find Mr. Walpole at the office address provided until December 7, 2006.

7.  In any event, the undersigned has consented to providing Mr. Walpole with a reasonable extension beyond the December 8, 2006 due date set forth in the subpoena to produce any responsive documents. Thus, this Court should reject Mr. Walpole's request to quash the subpoena on the grounds that it fails to allow for a reasonable time for compliance.

8.  In addition, defendants' and Mr. Walpole's bald assertion that the documents requested by the subpoena are privileged and protected by the attorney-client privilege is baseless.

9.  First, none of the documents requested constitute communications between Mr. Walpole and any of the defendants in this case. See Exhibit 1. Rather, what has been requested

are written communications between Mr. Walpole and persons whom he does not represent, including but not limited to the Equinox principals.[1] See Document Requests 2-4 of Exhibit 1. Such communications clearly are not privileged, nor has any basis been put forth for treating such communications as attorney work product.

10. With respect to Document Requests No. 1, which seeks documents related to the Walpole Memorandum, any attorney work product privilege that may have applied to these documents was waived by the intentional disclosure of the Walpole Memorandum in this litigation.[2] This Court has previously held that the disclosure of a document protected by the work product doctrine not only waives work product protection for that document, but in certain circumstances, also waives protection for documents related to the same subject matter. See Bowles v. National Association of Home Builders, 224 F.R.D. 246, 257-9 (D.D.C. 2004). In Bowles, the Court held that where documents that are protected by the work product doctrine are disclosed to gain a tactical advantage, other documents relating to the same subject matter are discoverable. Id.

11. Here, there can be no dispute that the Walpole Memorandum was disclosed by defendants to gain a tactical advantage, i.e., to somehow persuade plaintiff of the strength of defendants' case. Therefore, plaintiff should be allowed to examine documents that relate to the subject matter of this memorandum, including any drafts of this memorandum, any notes taken in connection with the drafting of the memorandum, and any documents reviewed by Mr. Walpole or his office in drafting the same. These materials, some of which defense counsel

---

[1] In footnote 1 to the Motion and Objection, Mr. Walpole states that he did not exchange correspondence with any Equinox employee. The Subpoena, however, also requests correspondence between Mr. Walpole and any unrepresented person regarding Mr. Morris. See Request No. 4 to Exhibit 1.

[2] Again, defendants fail to even set forth any argument as to why the documents requested are protected from disclosure.

already has confirmed exist, may reveal certain inconsistencies in what was written in the Walpole Memorandum and what was actually stated by the Equinox principals when they were interviewed.[3]

12. Defendants also have put forth no basis for treating the documents requested in Request No. 5 as privileged. These documents are not legal communications, but rather business documents, and should be produced to the extent they have not already been produced.

13. Finally, the motion at issue should be denied and plaintiff should be awarded all fees incurred in responding to the motion because defendants failed to comply with this Court's Scheduling Order prior to filing the motion. See Scheduling Order at ¶¶ 5 and 11. Defendants failed to engage in a good faith effort to resolve this dispute prior to filing their motion as required by Local Rule 7(m) and the Scheduling Order, they failed to include in the motion a statement that the required discussion occurred, and they failed to arrange a telephone conference call with the court prior to filing their motion as required by the Scheduling Order.[4]

WHEREFORE, plaintiff requests that the Motion To Quash Subpoena for Records and the Objection To Subpoena for Records be denied, that Mr. Walpole be required to produce all documents requested by plaintiff's subpoena within five (5) business days of the Court's Order, and that plaintiff be awarded all fees and costs incurred in opposing defendants' motion.

---

[3] The undersigned took the depositions of the Equinox principals as part of this litigation. Unfortunately, neither deponent recalled much about what they stated during their interview with Mr. Walpole.

[4] Prior to a deposition on December 5, 2006, defense counsel advised the undersigned that he believed the documents requested by the subpoena were privileged, but he could not and did not explain the basis for his contention, nor did he specifically inform the undersigned that any motion would be filed.

                        Respectfully submitted,

By:   /s/ Ziad Haddad
        David C. Tobin, Esq., D.C. Bar # 395959
        Ziad P. Haddad, Esq., D.C. Bar #469470
        Tobin, O'Connor, Ewing & Richard
        5335 Wisconsin Avenue, N.W., Suite 700
        Washington, D.C.  20015
        Tel:  (202) 362-5900
        Fax:  (202) 362-5901
        *Attorney for Plaintiff Jonathan Morris*

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on December 14, 2006, a true and correct copy of the foregoing was mailed, by first-class mail, to the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850

Forrest Walpole, Esq.
501 Slaters Lane, #19
Alexandria, VA 22314

                        /s/ Ziad Haddad
                        Ziad Haddad