AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

Jonathan H. Morris                    **SUBPOENA IN A CIVIL CASE**

        V.                             CASE NUMBER: 1:06CV01131 (HHK)

Buvermo Properties, Inc., et al.

To: Forrest Walpole, Esq.
    501 Slaters Lane, #19, Alexandria, VA 22314

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Tobin, O'Connor, Ewing & Richard<br>5335 Wisconsin Ave., N.W., Suite 700<br>Washington, D.C. 20015 | Dec. 8, 2006 @ 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| Tobin, O'Connor, Ewing & Richard<br>5335 Wisconsin Ave., N.W., Suite 700<br>Washington, D.C. 20015 | Dec. 8, 2006 @ 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE Dec. 4, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  Ziad P. Haddad, Esq.
Tobin, O'Connor, Ewing & Richard
5335 Wisconsin Ave., N.W., Suite 700, Washington, D.C. 20015  (202) 362-5900

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.


EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. MORRIS, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:06CV01131 (HHK) |
| BUVERMO PROPERTIES, INC., et al., | : |
| Defendants. | : |

## NOTICE OF DEPOSITION DUCES TECUM TO FORREST WALPOLE

Plaintiff Jonathan Morris ("plaintiff"), through his undersigned counsel, pursuant to Rule 30 of the Federal Rules of Civil Procedure, hereby gives notice that the deposition duces tecum of the Forrest Walpole ("Deponent") will be taken on Friday, December 8, 2006 at 9:30 a.m., at the law offices of Tobin, O'Connor, Ewing & Richard, 5335 Wisconsin Avenue, N.W., Suite 700, Washington, D.C. 20015, or at some other mutually agreeable location. Plaintiff requests that Deponent produce at the deposition the documents requested in Exhibit A attached hereto. The deposition shall be recorded by stenographic means before an officer qualified to administer an oath. The deposition will continue from day to day until completed.

**This is a records deposition. Deponent may elect to forward records requested in Exhibit A attached hereto to the law offices of Tobin, O'Connor, Ewing & Richard prior to and in lieu of appearing at the deposition.**

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By: _____
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

### CERTIFICATE OF SERVICE

I HERBY CERTIFY that on this 4th day of December, 2006, a true and correct copy of the foregoing Notice of Deposition Duces Tecum to Forrest Walpole was mailed by first-class mail, postage prepaid, to the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street, Suite 520
Rockville, Maryland 20850

_____
Ziad Haddad

2

# **EXHIBIT A**

## **INSTRUCTIONS**

A.  Each paragraph below shall operate and be construed independently, and unless otherwise indicated, no paragraph limits the scope of any other paragraph.

B.  Unless otherwise stated, the time frame prescribed for each of the following shall include January 1, 2005 to the present.

C.  For each item or document requested, the original shall be produced for inspection as maintained in the ordinary course of business.

## **DEFINITIONS**

A.  The term "you," "your" or "Walpole" refers to Forrest Walpole, and any of his employees, agents or representatives.

B.  "Buvermo" refers to Buvermo Properties, Inc., its directors, officers, employees, agents, shareholders, representatives and attorneys.

C.  "Fidelio" refers to Fidelio Properties, its officers, directors, managing agents and its partners, including but not limited to FPEP, Janivo, Donelux, Orvan and FPMI.

D.  "FPEP" refers to F.P. Executive Partners, L.L.C., its members, officers, directors, employees, agents, shareholders, representatives and attorneys.

E.  "Janivo" refers to Janivo Realty, Inc., its directors, officers, employees, agents, shareholders, representatives and attorneys.

F.  "Donelux" refers to Donelux, Inc., its directors, officers, employees, agents, shareholders, representatives and attorneys.

G.  "Orvan" refers to Orvan, Inc., its directors, officers, employees, agents, shareholders, representatives and attorneys.

H. "FPMI" refers to Fidelio Properties Management, Inc., its directors, officers, employees, agents, shareholders, representatives and attorneys.

I. "Gardner" refers to John H. Gardner, III.

J. "Plaintiff" or "Morris" refers to Jonathan H. Morris.

K. "LoPinto" refers to Anthony J. LoPinto.

L. "Pearcy" refers to Marsha Pearcy.

M. "Document" means any writing or record of any type or description known to you, including, but not limited to, originals and copies of correspondence, letters, envelopes, e-mails, contracts, telephone message slips, telephone logs, telephone bills, agreements, memoranda, telegrams, telexes, cables, messages, notes, reports, forms, inter-office communications, intra-office communications, appointment books, appointment logs, desk calendars, diaries, checks, drafts, wire transfers, transmittal authorizations, bank statements, ledgers, journals, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, travel vouchers, promotional materials, lists, notebooks, computer print-outs, electronically or magnetically recorded or stored data, microfilm, microfiche, photographs, tape recordings, transcripts, minutes, affidavits, opinions, signed statements, summaries notices, books, articles, newspapers, charts, magazines, napkins, menus and all other documentary material including non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained therein or attached thereto or otherwise), and drafts, whether used or not. The term "document(s)" includes all documents responsive to a request, regardless of whether or not the document(s) still exists, and regardless of who has maintained custody of such document(s).

N.   A document which "reflects, refers or relates to" a given subject matter, as used herein, means information or a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information containing, or is in any way pertinent to that subject matter, including, without limitation, documents concerning the preparation or presentation of other documents.

O.   Unless otherwise specified, the terms "person" or "persons" as used herein mean natural persons, corporations, associations, partnerships, joint ventures, proprietorships, governmental agencies, departments or offices or other legal entities, whether foreign or domestic.

P.   The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

Q.   The singular includes the plural, and the plural includes the singular.

R.   Unless otherwise defined, all words and phrases used in this Request shall be accorded their usual meaning as defined by *The Random House Dictionary*.

## DOCUMENT REQUESTS

1.   All documents that reflect, refer or relate to the document attached as Exhibit 1 hereto, including any drafts of this document, any notes taken in connection with the drafting of this document and any documents reviewed by you in drafting this document.

2.   All documents, including but not limited to e-mail correspondence, exchanged between you and LoPinto, Pearcy or any other Equinox agent or employee.

3.   All documents, including correspondence, exchanged between you and Morris.

3

4.  All non-privileged documents, including all non-privileged communications, exchanged between you and any person regarding Morris.

5.  All drafts of the FPEP Operating Agreement, the Fidelio Partnership Agreement, or any Designation of FPEP Property, or any part thereof, exchanged between you and Buvermo from June 1, 2005 through the present, including but not limited to the draft revisions referenced in the Memorandum attached hereto as Exhibit 2.

## Toni Lopinto and Marsha Pearcy

April 17, 2006

**Subject: Interview with Toni Lopinto and Marsha Pearcy, search firm that dealt with Jonathan Morris.**

Toni Lopinto is a long-term friend of Jonathan Morris. He gave him his first job in the commercial real estate industry. At the time, Mr. Lopinto was the CFO for the Smith Companies.

Both Mr. Lopinto and Ms. Pearcy state that no formal representations were made concerning security, written, verbally, or otherwise. The most that could have been said was a general statement that 'I hope that Fidelio continues to make investments in the market for a good long time and it works well for you.'

Absolutely no representations were made whatsoever about job security, severance, term or anything that could be construed as job security or contractual obligation. No guarantees at all! Both Mr. Lopinto and Ms. Pearcy are very strong on this.

With respect to Fidelio's commitment to the market, no promises were made. Everything was conditioned: if the market continues strong, deals continue to develop, the returns are forthcoming, Filelio likes the DC market and expects to continue to invest in the market.

Mr. Lopinto: 'Jonathan knows better than anyone else the tenuous nature of any long-term investment strategy and commitment. He has experience first hand on how these investment decisions are made.'

Mr. Lopinto: As a matter of practice, unless the Company and candidate indicate that some job security language will be part of the employment agreement, all deals are at-will contracts. This clearly was the case in Jonathan's case. No discussion took place concerning a contract term, severance, definition of 'cause' or anything that remotely could be construed as a representation that he would have some contractual right to share of profits for a guaranteed period. When this type of security is an issue, it is highly negotiated and detailed discussions take place.

The job description contains no reference of term, amount of compensation or type of bonus.



DEF-ID-017

## MEMORANDUM

**To:** John Gardner

**From:** Forrest Walpole

**Subject:** FPEP Revisions

**Date:** July 27, 2005

---

I have reviewed the draft revised 3.03 and Designation of FPEP Property and I am prepared to discuss the drafts by phone at your convenience.

Issues I would like to discus include:

- The role of VBM in an investment with respect to defining total investment and with respect to distributions;
- Where appropriately to handle the allocation of capital shares and promote shares with respect to an individual investment – in 3.03 or the Designation;
- The purpose of the 15% number (account for Steve's acquired share?) and how it figures into distributions when there has been a shortfall offset;
- Profit allocation;
- The reference to a "member loan" in new 3.03(b);
- The pattern of distributions relative to return of capital;
- Definitions – Pro Rata Participant; Preferred IRR.

EXHIBIT 2

JHM0247