CONFIDENTIAL

BY-LAWS

OF

BUVERMO PROPERTIES, INC.


ARTICLE I.

MEETINGS OF STOCKHOLDERS


SECTION 1. *Annual Meeting*. A meeting of shareholders shall be held annually for the purposes set forth in the notice of meeting on such date and at such time as may be fixed by the President or Secretary of the Corporation; or if no date and time are so fixed, at 10:00 A.M. on the first Wednesday in June in each and every year, unless such day shall fall on a legal holiday, in which case such meeting shall be held on the next succeeding business day.

SECTION 2. *Special Meetings*. Special meetings of the shareholders for any purpose may be called by the President or the Secretary, and shall be called by the President or the Secretary at the written request of the holders of record of ten percent (10%) of the outstanding shares of the Corporation entitled to vote at such meeting. Special meetings shall be held at such time as may be fixed in the call and stated in the notices of meeting or waiver thereof. At any special meeting only such business may be transacted as is related to the purpose or purposes for which the meeting is convened.

SECTION 3. *Place of Meetings*. Meetings of shareholders shall be held at such place, within or without the



D-0033

CONFIDENTIAL

State of Delaware or the United States of America, as may be fixed in the call and stated in the notice of meeting or waiver thereof.

SECTION 4.  <u>Notice of Meetings; Adjourned Meetings</u>. Notice of each meeting of shareholders shall be given in writing and shall state the place, date and hour of the meeting.  The purpose or purposes for which the meeting is called shall be stated in the notice of each special meeting and of each annual meeting.

A copy of the notice of any meeting shall be given, personally or by mail, not less than twenty (20) nor more than sixty (60) days before the date of the meeting, to each shareholder entitled to vote at such meeting.  If mailed, such notice is given when deposited in the mail, whether such notice is mailed within or outside of the United States, with postage thereon prepaid, directed to the shareholder at his address as it appears on the record of shareholders.

When a meeting is adjourned for less than thirty (30) days in any one adjournment, it shall not be necessary to give any notice of the adjourned meeting if the time and place to which the meeting is adjourned are announced at the meeting at which the adjournment is taken, and at the adjourned meeting any business may be transacted that might have been transacted on the original date of the meeting.  When a meeting is adjourned for thirty (30) days or more, notice of the adjourned meeting shall be given as in the case of an original meeting.

CONFIDENTIAL

SECTION 5. <u>Waiver of Notice</u>. The transactions of any meeting of shareholders, however called and with whatever notice, if any, are as valid as those at a meeting duly held after regular call and notice, if a quorum is present either in person or by proxy and no objection to holding the meeting is made by anyone so present, and if, either before or after the meeting, each of the persons entitled to vote, not present in person or by proxy, signed a written waiver of notice, or a consent to the holding of the meeting, or an approval of the action taken as shown by the minutes thereof.

Whenever notice is required to be given to any shareholder, a written waiver thereof signed by such shareholder, whether before or after the time thereon stated, shall be deemed equivalent to such notice. Attendance of a person at a meeting of shareholders shall constitute a waiver of notice of such meeting, except when such shareholder attends for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any meeting of shareholders need be specified in any written waiver of notice thereof.

SECTION 6. <u>Qualification of Voters</u>. Except as may be otherwise provided in the Certificate of Incorporation, every shareholder of record shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders for every share standing in his name on the record of shareholders.

CONFIDENTIAL

SECTION 7. <u>Quorum</u>. At any meeting of the shareholders the presence, in person or by proxy, of the holders of a majority of the shares entitled to vote thereat shall constitute a quorum for the transaction of any business. When a quorum is once present to organize a meeting, it is not broken by the subsequent withdrawal of any shareholders. The shareholders present may adjourn the meeting despite the absence of a quorum.

SECTION 8. <u>Proxies</u>. Every shareholder entitled to vote at a meeting of shareholders or to express consent or dissent without a meeting may authorize another person or persons to act for him by proxy. Every proxy must be executed by the shareholder or his attorney-in-fact. No proxy shall be valid after the expiration of one (1) year from the date thereof unless otherwise provided in the proxy. Every proxy shall be revocable at the pleasure of the shareholder executing it, except as otherwise provided therein and as permitted by law. Except as otherwise provided in the proxy, any proxy holder may appoint in writing a substitute to act in his place.

SECTION 9. <u>Voting</u>. Whenever any corporate action, is to be taken by vote of the shareholders at a meeting, it shall, except as otherwise required by law or the Certificate of Incorporation, be authorized by a majority of the votes cast thereat, in person or by proxy.

SECTION 10. <u>Action Without a Meeting</u>. Whenever shareholders are required or permitted to take any action at a

**CONFIDENTIAL**

meeting or by vote, such action may be taken without a meeting, without prior notice and without a vote, by consent in writing setting forth the action so taken, signed by the holders of outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those shareholders who have not consented in writing.

SECTION 11. <u>Record Date</u>. The shareholders are authorized to designate a day, not more than sixty (60) days nor less than ten (10) days prior to the day of holding any meeting of shareholders as the day as of which those shareholders entitled to notice of, and to vote at, such meeting shall be determined; and only shareholders of record on such day shall be entitled to notice or to vote at such meeting.

ARTICLE II.

OFFICERS

SECTION 1. <u>Officers</u>. The shareholders shall elect a President, a Secretary, one or more Vice Presidents of the Corporation and from time to time may elect or appoint such other officers as it may determine. Any two or more offices may be held by the same person.

CONFIDENTIAL

Securities of other corporations held by the Corporation may be voted by any officer designated by the shareholders and, in the absence of any such designation, by the President, any Vice President, the Secretary, or the Treasurer.

SECTION 2. **President**. The President shall be the chief operating officer of the Corporation with all the rights and powers incident to that position.

SECTION 3. **Vice Presidents**. The Vice Presidents shall perform such duties as may be prescribed or assigned to them by the shareholders or the President. In the absence of the President, the Vice President of Administration shall perform the duties of the President. In the absence of the President and the Vice President of Administration, the Vice President of Technical Operations shall function as such.

SECTION 4. **Treasurer**. The Treasurer, if any, shall perform all the duties customary to that office, and shall have the care and custody of the funds and securities of the Corporation. He shall at all reasonable times exhibit his books and accounts to the shareholders upon application, and shall give such bond or bonds for the faithful performance of his duties with such surety or sureties as shareholders from time to time may determine.

SECTION 5. **Secretary**. The Secretary shall act as Secretary of and shall keep the minutes of the meetings of the

D-0038

CONFIDENTIAL

shareholders, have the custody of the seal of the Corporation and perform all of the other duties usual to that office.

SECTION 6. *Term of Office; Removal*. Each officer shall hold office for such term as may be prescribed by the shareholders and may be removed at any time by the shareholders with or without cause. The removal of an officer without cause shall be without prejudice to his contract rights, if any. The election or appointment of an officer shall not of itself create contract rights.

SECTION 7. *Compensation*. The compensation of all officers of the Corporation shall be fixed by the shareholders.

ARTICLE III.

SHARE CERTIFICATES

SECTION 1. *Form of Share Certificates*. The shares of the Corporation shall be represented by certificates, in such form as the shareholders may from time to time prescribe, signed by the President, an Executive Vice President, or a Vice President, and by the Secretary, an Assistant Secretary, the Treasurer or an Assistant Treasurer, and shall be sealed with the seal of the Corporation or a facsimile thereof. The signatures of the officers upon a certificate may be facsimiles if the certificate is countersigned by a transfer agent or

D-0039

CONFIDENTIAL

registered by a registrar other than the Corporation or its employees. In case any such officer who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, it may be issued by the Corporation with the same effect as if he were such officer at the date of issue.

SECTION 2. <u>Lost Certificates</u>. In case of the loss, theft, mutilation or destruction of a stock certificate, a duplicate certificate will be issued by the Corporation upon notification thereof and receipt of such proper indemnity as shall be prescribed by the shareholders.

SECTION 3. <u>Transfer of Shares</u>. Transfers of shares of stock shall be made upon the books of the Corporation by the registered holder in person or by duly authorized attorney, upon surrender of the certificate or certificates for such shares properly endorsed.

SECTION 4. <u>Registered Shareholders</u>. Except as otherwise provided by law, the Corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends or other distributions and to vote as such owner, and to hold such person liable for calls and assessments, and shall not be bound to recognize any equitable or legal claim to or interest in such share or shares on the part of any other person.

CONFIDENTIAL

ARTICLE IV.

MISCELLANEOUS PROVISIONS

SECTION 1. Corporate Seal. The corporate seal shall have inscribed thereon the name of the Corporation and such other appropriate legend as the shareholders may from time to time determine.

SECTION 2. Fiscal Year. The fiscal year of the Corporation shall be the twelve months ending December 31 or such other period as may be prescribed by the shareholders.

SECTION 3. Checks and Notes. All checks and demands for money and notes or other instruments evidencing indebtedness or obligations of the Corporation shall be signed by such officer or officers or other person or persons as shall be thereunto authorized from time to time by the shareholders.

ARTICLE V.

AMENDMENTS

SECTION 1. Power to Amend. By-Laws of the Corporation may be adopted, amended or repealed by the shareholders of the Corporation.

1835b

D-0041