## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JONATHAN H. MORRIS,                        :
                                           :
      Plaintiff,                       :
                                           :
    v.                                     : Case No.:  1:06CV01131 (HHK)
                                           :
BUVERMO PROPERTIES, INC., et al.,          :
                                           :
      Defendants.                      :

### PLAINTIFF JONATHAN H. MORRIS'S ANSWERS
### TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits the following answers to Defendants' First Interrogatories to Plaintiff, and states as follows:

### PRELIMINARY STATEMENT

The following answers to interrogatories are based only upon such information and documents that are presently known to plaintiff. Further discovery and analysis may supply additional facts and establish new factual or legal contentions that plaintiff may assert.

These answers are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, including without limitation, objections concerning competency, relevancy, materiality, propriety and admissibility. All such objections and grounds thereof are reserved and may be raised in subsequent proceedings.

These answers include, as requested, knowledge and information not only of the plaintiff, but of agents, representatives, and, unless privileged, the plaintiff's attorneys.

EXHIBIT
12

Interrogatory No. 7:   Describe in detail all communications you have had with Equinox Partners ("Equinox") (including any officer, director or employee of Equinox, including, without limitation, Anthony LoPinto and Marsha Pearcy) concerning employment with Defendant Buvermo.   Your response should include a detailed description of all communications with Equinox concerning your compensation with Buvermo and alleged term of employment.

Answer:  Plaintiff objects to this interrogatory as unduly burdensome to the extent it requires identification of each and every oral communication between plaintiff and Equinox concerning plaintiff's employment with Buvermo.  Subject to this objection, but without waiving it, plaintiff states that he had several conversations with Anthony LoPinto and Marsha Pearcy relating to position description, duties and compensation. Plaintiff also had conversations with both Mr. LoPinto and Ms. Pearcy concerning Mr. Gardner's retirement from Buvermo and the extent to which Mr. Gardner would remain involved in Buvermo's business dealings.  Plaintiff was advised both by Mr. LoPinto and Ms. Pearcy that Mr. Gardner was to retire from full-time work at Buvermo and become an advisor to the company.

Plaintiff further recalls that, following plaintiff's final interviews with Messrs. Tjaden, van Rhee and Gardner, Mr. LoPinto called plaintiff and advised him that he had been asked whether plaintiff would be willing commit to a twenty-year term with Buvermo.  Mr. LoPinto advised plaintiff that he had already explained that to Messrs. Tjaden, van Rhee and Gardner that, given plaintiff's age and Fidelio's mandatory retirement age of 65, a twenty-year commitment would not be possible.  Mr. LoPinto then asked plaintiff how many years he would be willing to commit to the position with Buvermo, and plaintiff responded that he would commit to a ten-year term.

With respect to plaintiff's written communications with Equinox, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be

4

producing documents from which the answer to this interrogatory may be ascertained. In addition, please refer to the documents produced by Equinox in response to plaintiff's subpoena.

Interrogatory No. 8:    Describe in detail all communications you have had with any of the Defendants (including any officer, director or employee of Defendants) concerning employment with Defendant Buvermo. Your response should include a detailed description of all communications concerning your compensation with Buvermo and alleged term of employment.

Answer:  Plaintiff objects to this interrogatory as unduly burdensome to the extent it requires identification of each and every oral communication between plaintiff and any of the defendants concerning plaintiff's employment with Buvermo. Subject to this objection, but without waiving it, plaintiff states that he had numerous conversations about his employment and compensation with Mr. Tjaden, Mr. van Rhee, Mr. Gardner, Ms. McCormick, Mr. LoPinto and Ms. Pearcy.

In the course of the interview process, Mr. Gardner advised plaintiff that he was retiring from his position as President and CEO of Buvermo because he was approaching Fidelio's mandatory retirement age of 65. Mr. Gardner assured plaintiff that, although he (Gardner) would remain partially involved in Buvermo's operations to facilitate the transition, plaintiff would be in charge of the business operations and that he (Mr. Gardner) would soon cease having any further involvement in Buvermo's business operations.

Plaintiff also had discussions with Mr. LoPinto (see plaintiff's answer to Interrogatory No. 7), Mr. Tjaden, and Mr. Gardner in which plaintiff confirmed his willingness to commit to a ten-year term. During these discussions, Mr. Gardner and Mr. Tjaden acknowledged the parties' commitment to a tern-year employment term.  Mr.

5

was executed, Mr. Gardner's FPEP promoted interest was such that he was entitled to receive an amount equal to amount equal to 15.5% of the cash receipts or other consideration realized in connection with its investment in said properties, after Fidelio first recovers its initial investment plus a compounded rate of return.

With respect to the documents supporting the allegations contained in paragraph 21 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

Interrogatory No. 15: Describe the factual basis supporting the allegation contained in paragraph 24 of the Complaint that Defendant Gardner "continually interfered with the progress of many deals that were being pursued by Plaintiff." Your response should identify the parties to each deal that Gardner allegedly interfered with.

Answer: Throughout plaintiff's employment with Buvermo, Mr. Gardner frequently interfered with plaintiff's business dealings and engaged in his own business dealings on behalf of Buvermo without plaintiff's knowledge or consent. For more information regarding the nature of Mr. Gardner's interference, please refer to paragraphs 23 through 30.

Apart from complicating plaintiff's ability to manage the day-to-day operations of Buvermo, Mr. Gardner's interference and refusal to turn over responsibility for Buvermo's business operations interfered with the progress of plaintiff's dealings with third parties. For example, the first deal plaintiff pursued, immediately upon joining Buvermo, was an office building located in the central business district of Washington, D.C. called '1660 L Street" which was offered for sale by Cushman & Wakefield's Investment Sales Team. Plaintiff brought in Cigna Investments to make a $30+ million

mortgage and Guggenheim Real Estate Partners to invest $20 million of equity. While

plaintiff was running numbers and checking on rental rates, Mr. Gardner was meeting

separately, without plaintiff's knowledge, with leasing agents in an effort to establish that

the deal did not work. As plaintiff and Mr. Gardner engaged in conference calls with

Guggenheim to go over the underwriting, Mr. Gardner frequently chirped in many times

with suspect questions about the deal. Guggenheim's trepidation brought on by Mr.

Gardner's criticism of the deal led it to pass on the deal, after plaintiff had successfully

negotiated the joint-venture agreement with Guggenheim and Cigna had orally

committed to making the loan. After the deal fell through, members of Cushman &

Wakefield's Investment Sales Team told plaintiff that Buvermo would never get a deal

done until Mr. Gardner was gone.

Similarly, as recently as two weeks prior to plaintiff's termination, Mr. Gardner

planned a meeting downtown with a former Oliver Carr Company executive, Terry

Hinderman, with the purpose of discussing new investment opportunities. Mr.

Hinderman had called plaintiff to meet with him, however, plaintiff told him that he was

busy with the March Board Meeting and would call him the following week. Mr.

Gardner took it upon himself to set a meeting without first advising plaintiff of his

intention to do so.

Interrogatory No. 16: Describe the factual basis supporting the allegation
contained in paragraph 32 of the Complaint that your termination "was not in accordance
with Buvermo's bylaws." In addition to a detailed description of the facts supporting this
allegation, identify all documents supporting the allegations contained in paragraph 32.

Answer: Plaintiff did not receive the documents responsive to his document

requests to defendants until September 29, 2006, and thus had not yet had an opportunity

11

cash receipts or other consideration recognized in connection with these investments, after Fidelio first recovers its initial investment plus a compounded rate of return of 10%.

Plaintiff also is seeking punitive damages and recovery of his attorney's fees for defendants' fraudulent and other tortious conduct.

At this time, discovery in this case is not complete and plaintiff did not receive defendants' documents in response to his discovery requests until September 29, 2006. As such, the exact amount of plaintiff's damages cannot yet be determined. Therefore, plaintiff reserves the right to provide defendants with a revised computation of his damages at a later date when the necessary information is discovered or disclosed.

Interrogatory No. 23: With respect to your response to each of the proceeding 22 interrogatories, please identify, by interrogatory, each and every document that relates, references or pertains to your response, regardless of whether such document supports or refutes your response.

Answer: Plaintiff objects to this request as unduly burdensome as plaintiff's anticipated that thousands of pages of documents will be exchanges in discovery in this case. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND INFORMATION.

Jonathan Morris

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By:

David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on October 4, 2006, a true and correct copy of the foregoing was mailed by first-class mail to the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD 20850

Ziad Haddad