IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JONATHAN H. MORRIS

    Plaintiff,

v.

BUVERMO PROPERTIES, INC., et. al.,

    Defendants.

Civil Case No.
1:06-CV-01131 (HHK)

9/29/06

## DEFENDANT BUVERMO PROPERTIES, INC.'S
## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Buvermo Properties, Inc., through its counsel, Marc J. Smith and Smith, Lease & Goldstein, LLC, hereby responds to the Plaintiff's First Set of Interrogatories.

### ANSWERS

1. Identify each person who has been contacted or who supplied information in responding to these interrogatories, identifying in your response the particular interrogatories for which each person was contacted or supplied information.

**ANSWER:** John Gardner and Kara McCormick have supplied all of the information used to respond to Plaintiff's First Interrogatories to Defendant Buvermo Properties, Inc. (hereinafter "Buvermo").

2. Identify each person whom you expect to call as an expert witness at trial, and, with respect to each such person, please describe in detail his or her qualifications and areas of expertise, state the sum and substance of the facts and opinions to which such expert is expected to testify, give a summary of the grounds for each opinion of each such expert, and state whether such expert has rendered a written report with regard to any matter involved in this Litigation. If so, please identify such report.

**ANSWER:** At this time, Buvermo has not engaged an expert to testify at trial. In the event an expert is engaged, Buvermo shall identify such expert and provide its Rule 26(a)(2)

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW
11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE: (301) 838-8950


EXHIBIT 17

statement on or before November 9, 2006 as set forth in the Scheduling Order governing this case.

3. Identify each person, other than a person intended to be called as an expert witness at trial, having knowledge of facts relating to the claims and defenses in this Litigation, and state the subject matter of the information possessed by that person.

**ANSWER:** See Defendants' Witness List filed on September 8, 2006. Each of the witnesses disclosed therein, with the exception of Anthony J. LoPinto and Marsha Pearcy, has knowledge regarding the facts underlying the claims and defenses asserted in this litigation. Mr. LoPinto and Ms. Pearcy have direct knowledge regarding the negotiations leading to Plaintiff's employment with Buvermo and the terms of Plaintiff's employment with Buvermo.

4. Identify and describe in detail the terms and conditions of any and all contracts entered into between Morris and Buvermo. If any of the contracts were modified or revised at any time, identify and describe all modifications or revisions thereto.

**ANSWER:** The only contract entered into between Plaintiff and Buvermo is the offer letter dated June 3, 2005, the terms of which include an annual salary of $250,000 and an indefinite term of employment. Buvermo later agreed to provide Plaintiff (through his LLC) with an additional payment of $25,000 in lieu of the benefits he would have received if he were an employee instead of an outside consultant.

5. Identify and describe in detail all communications, written or oral, between plaintiff and Buvermo, including any agent of Buvermo, such as Gardner, Kara McCormick, Andre van Rhee, Joost E. Tjaden, Anthony J. LoPinto and/or Marsha Pearcy, regarding the Compensation Plan.

**ANSWER:** Buvermo objects to Interrogatory No. 5 as unduly burdensome to the extent it requires identification of each and every oral communication regarding the "Compensation Plan." Subject to this objection, Buvermo states that a number of discussions took place regarding the terms of Plaintiff's compensation, which discussions included an explanation of Plaintiff's entitlement to the FPEP promoted interest described in offer letter.

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

 NE: (301) 838-8950

With respect to written communications, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Buvermo will produce documents from which the answer to this interrogatory may be ascertained.

6. Identify all positions held by plaintiff with Buvermo and identify the dates during which plaintiff served in each position.

**ANSWER:** Plaintiff was hired by Buvermo as its President, but never assumed this position due to his election to work as an outside consultant through his LLC, Buvermo Properties Florida, LLC. Plaintiff worked as an outside consultant for Buvermo from June 27, 2005 through March 24, 2006.

7. For each position identified by you in response to the previous interrogatory, describe plaintiff's duties and responsibilities and describe how and in what amount plaintiff was compensated for the performance of his duties and responsibilities.

**ANSWER:** Plaintiff was hired to assume responsibility for the overall management of Buvermo's investment activities, which focused on real estate development/redevelopment opportunities in the greater Washington, D.C. metropolitan market; however, as set forth in Plaintiff's offer letter, John Gardner was to continue to work on a full-time basis through at least December 31, 2005 and was to provide ongoing support in all Buvermo/Fidelio activities during that period and for an extended period of time thereafter. With respect to his compensation, Plaintiff invoiced Buvermo for his services through his LLC, Buvermo Properties Florida, LLC, and received a total of $206,250.00 from Buvermo for his services through the date of his termination.

8. If you contend that plaintiff failed in the performance of his duties and responsibilities in any position he held with Buvermo, describe the basis for your contention and identify all facts that support your contention.

**ANSWER:** Buvermo objects to Interrogatory No. 8 on grounds that Plaintiff's employment was terminable at-will and, as such, the information sought in this interrogatory is

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
ONE: (301) 838-8950

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, Buvermo responds that Plaintiff's performance was deficient in a number of respects. Following the commencement of his employment, Plaintiff was sporadically in the office, failed to involve himself with the day-to-day management of the company and on the occasions he was at the office, he was frequently occupied with his own private investments and personal affairs. Plaintiff did not demonstrate an appropriate level of commitment with respect to establishing new relationships or fostering Buvermo's existing relationships. Further, Plaintiff was unable to maintain a professional and productive working relationship with Mr. Gardner, who retained a significant and on-going role with Buvermo. As a result, Plaintiff was terminated after the Board of Directors lost confidence in his ability to effectively promote the company's interests and to serve as a fiduciary to its investors.

9. Identify all facts and documents that support your contention that plaintiff never assumed the position of President of Buvermo, as stated in paragraph 12 of your Answer.

**ANSWER:** Instead of formally assuming the role of President of Buvermo, Plaintiff chose to work as an outside consultant to the company and was paid through an LLC he established, Buvermo Properties Florida, LLC. Buvermo will produce all documents in its possession, custody or control that support this response.

10. Identify all persons that were charged with the responsibility for or that were in any way involved in the negotiation of the terms of plaintiff's employment with Buvermo. For each person identified, describe the nature of his or her responsibility or involvement in connection therewith.

**ANSWER:** John Gardner, Andre van Rhee and Joost Tjaden were responsible for establishing the terms of Plaintiff's employment. Anthony LoPinto and Marsha Pearcy assisted Buvermo in negotiating the terms of Plaintiff's employment.

11. Identify all facts and documents that support your contention that "it was understood that Plaintiff's employment with Buvermo was for an indefinite term and was 'at-

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
PHONE: (301) 838-8950

will,' terminable by either party with or without cause or advance notice," as stated in paragraph 16 of your Answer.

**ANSWER:** It was understood that Plaintiff's employment was "at-will" as no specific term of employment was discussed or agreed upon. Plaintiff's offer letter does not provide for a specific term of employment and Buvermo's by-laws specifically provide that officers may be removed "at any time by the shareholders with or without cause."

12. Describe the nature and value of the "FPEP promoted interest" that, as of the date of the Compensation Plan, was owned by Fidelio in land parcels adjacent to the Sheraton Reston parcels and the remaining land parcels at Twinbrook.

**ANSWER:** Pursuant to Rule 33(d), documents from which the answer to this interrogatory may be ascertained will be produced.

13. Describe the nature and value of the "FPEP promote" available to Gardner as of the date of the Compensation Plan.

**ANSWER:** Pursuant to Rule 33(d), documents from which the answer to this interrogatory may be ascertained will be produced.

14. State the basis for your contention that in order for plaintiff to have had an enforceable interest in the projects initiated after December 31, 2005, said projects must have closed prior to his termination, as stated in paragraph 21 of your Answer. In answering, identify all facts and documents that confirm or suggest that a project must have "closed" prior to plaintiff's termination in order for plaintiff to have an enforceable interest in a project.

**ANSWER:** Plaintiff's entitlement to an FPEP promote for projects initiated after December 31, 2005 was dependent upon at least three (3) factors: (i) Fidelio actually acquiring an interest in the project(s) at issue; (ii) the project(s) at issue being designated an "FPEP Property" (which, under the terms of the F.P. Executive Partners, LLC Operating Agreement, would have entitled its members to an interest); and (iii) continued employment with Buvermo. At the time Plaintiff was terminated in March 2006, Fidelio had <u>not</u> acquired an ownership interest in any of the projects initiated after December 31, 2005 nor had it designated any of these projects an "FPEP Property." Accordingly, even assuming Plaintiff was a member of F.P.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
(301) 838-8950

Executive Partners, LLC, he did not have an interest in the projects at issue at the time of his termination. Moreover, even if Plaintiff had an interest in the projects at issue at the time of his termination (and he clearly did not), under the provisions of Article VIII of the F.P. Executive Partners, LLC Operating Agreement, his interest was subject to mandatory redemption by virtue of the termination of his employment.

15. State your understanding as to what is meant by the term "initiated" in the "Future Projects" section of the Compensation Plan, and identify all projects that have been "initiated" by you or on your behalf after December 31, 2005, including but not limited to the Spotswood Valley Shopping Center deal and the Reston JBG deal, and state the date on which each project was "initiated."

**ANSWER:** In the context of the provision at issue, the term "initiated" refers to the commencement of discussions with potential partners regarding a new project; however, Plaintiff's entitlement to an "FPEP promote" would not arise unless he remained employed with Buvermo, Fidelio actually acquired an interest in the project (i.e. the transaction was closed), the project was designated an "FPEP Property." The following projects were initiated after December 31, 2005: (i) Reston International Center (closed June 8, 2006); (ii) Reston International Convenience Center (pending); and (iii) Merchants Fund Site (pending).

16. State what is meant by the term "closed" in paragraphs 21, 40 and 54 of the Answer, and identify all projects that have "closed" after December 31, 2005, including but not limited to the Spotswood Valley Shopping Center deal and the Reston JBG deal, and state the date on which each project "closed."

**ANSWER:** The term "closed" referenced in the paragraphs at issue refers to the point at which title passes to the purchaser and the purchaser assumes the benefits and burdens of ownership. In addition to the projects identified in Buvermo's response to Interrogatory No. 15 above, the Spotswood Valley Shopping Center project closed on July 6, 2006.

17. State the basis for your contention that any interest in a project held by plaintiff at the time of his termination had no value, according to the formula set forth in the FPEP Operating Agreement, and was subject to "mandatory redemption." In answering, describe the

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
'ONE: (301) 838-8950

method by which you made your calculation under said formula and identify each instance in which any alleged right to redeem plaintiff's interest was exercised.

**ANSWER:** Buvermo objects to Interrogatory No. 16 to the extent it implies that Plaintiff ever held an interest in any of the projects at issue (see Response to Interrogatory No. 14, above). Subject to this objection, see Article VIII of the F.P. Executive Partners, LLC Operating Agreement. This Article provides for mandatory redemption upon a member's termination from Buvermo and describes the manner in which the market value of Fidelio's interest is calculated for purposes of establishing the purchase price for the interest held by the departing member. In this case, even assuming the projects at issue had closed (they had not) and Plaintiff held an interest in these projects (he did not), the value of the real estate at issue would not have appreciated and any interest held by Plaintiff would therefore have had no value under the formula set forth in Article VIII.

18. If you contend that plaintiff never became a member of FPEP as provided in the Compensation Plan, state the reasons why he did not become a member of FPEP.

**ANSWER:** Plaintiff never formally became a member of FPEP as the Operating Agreement had not been properly amended at the time of his termination; however, had Plaintiff remained employed, his membership would have been formalized.

19. Identify all persons that have served as an officer or director of Buvermo from January 1, 2005, to the present. For each person identified, state the position or title that the person held and identify the dates upon which he or she held that position or title.

**ANSWER:** John Gardner has been the only officer of Buvermo during the relevant period, and has held the positions of President, CEO and Secretary.

20. Identify and describe the reason(s) for Buvermo's termination of plaintiff's employment.

**ANSWER:** See Buvermo's response to Interrogatory No. 8, above.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
PHONE: (301) 838-8950

7

21. Identify all persons that were in any way involved with the decision to terminate plaintiff's employment with Buvermo, and identify and describe all meetings held and communications between said persons regarding plaintiff's termination.

**ANSWER:** Buvermo objects to Interrogatory No. 21 as unduly burdensome to the extent it requires identification of each and every communication regarding Plaintiff's termination. Subject to this objection, discussions were held in December 2005 between Mr. Gardner, Andre van Rhee and Joost Tjaden concerning Plaintiff's termination. With Mr. Gardner's concurrence, Mr. van Rhee and Mr. Tjaden made the decision to terminate Plaintiff on March 23, 2006.

22. Identify and describe the nature of all "contract relationships" that plaintiff had with Buvermo as indicated in the March 24, 2006 termination letter bearing Bates number JHM0001, and identify all documents reflecting the existence of said "contract relationships."

**ANSWER:** The term "contract relationships" in Plaintiff's termination letter refers to Plaintiff's relationship with Buvermo as an employee/outside consultant. All documents in Buvermo's possession, custody or control reflecting the existence of this relationship will be produced.

23. Identify all e-mail addresses, accounts and the corresponding e-mail service provider(s) used by you from December 1, 2005 to the present.

**ANSWER:** Buvermo objects to Interrogatory No. 23 on grounds that the revelation of this information will result in the disclosure of confidential information and/or information protected by the attorney-client privilege. Buvermo further objects to this interrogatory on grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Buvermo further objects to this interrogatory as duplicative as

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

T    NE: (301) 838-8950

Defendants have conducted a diligent search for and have produced email that is directly responsive to Plaintiff's discovery requests.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
John Gardner

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
Marc J. Smith
D.C. Bar No. 460255
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the ___ day of September 2006, a copy of the foregoing Defendant Buvermo Properties, Inc.'s Answers to Plaintiff's First Interrogatories was mailed first class, postage prepaid, to the following persons:

Ziad P. Haddad, Esq.
Tobin, O'Connor, Ewing & Richard
5335 Wisconsin Avenue, N.W.
Suite 700
Washington, D.C. 20015

_____
Marc J. Smith

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

Defendants have conducted a diligent search for and have produced email that is directly responsive to Plaintiff's discovery requests.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
John Gardner

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
Marc J. Smith
D.C. Bar No. 460255
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

Counsel for Defendants

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 27th day of September 2006, a copy of the foregoing Defendant Buvermo Properties, Inc.'s Answers to Plaintiff's First Interrogatories was mailed first class, postage prepaid, to the following persons:

Ziad P. Haddad, Esq.
Tobin, O'Connor, Ewing & Richard
5335 Wisconsin Avenue, N.W.
Suite 700
Washington, D.C. 20015

_____
Marc J. Smith