**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JONATHAN H. MORRIS : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Case No. |
| : | 1:06-CV-01131 (HHK) |
| BUVERMO PROPERTIES, INC., et. al., : | Next Event: Status Conf. |
| : | April 20, 2007 |
| Defendants. : | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Buvermo Properties, Inc., Fidelio Properties, F.P. Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., Fidelio Properties Management, Inc. and John Gardner (hereinafter referred to collectively as "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

**PARTIES**

1. Answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff has approximately 25 years of experience in the real estate business and maintained homes in Florida and in the District of Columbia at all times relevant hereto. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and therefore deny the same.

2. Answering Paragraph 2 of the Complaint, Defendants admit the first sentence but deny the remaining allegations contained in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendants admit the first sentence but deny the remaining allegations contained Paragraph 3 as stated.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW
11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Answering Paragraph 9 of the Complaint, Defendants admit the first and last sentences of Paragraph 9. Defendants deny the remaining allegations contained in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Answering Paragraph 12 of the Complaint, Defendants admit that Plaintiff was contacted by Equinox Partners to determine his interest in applying for the position of President of Defendant Buvermo Properties, Inc. ("Buvermo"), but deny the remaining allegations contained in Paragraph 12. By way of further answer, Defendants state that Plaintiff was not contacted or recruited for the position of CEO of Buvermo.

13. Answering Paragraph 13 of the Complaint, Defendants admit that Plaintiff interviewed for and was offered and accepted the position as Buvermo's President. Defendants deny that Plaintiff ever assumed this position and deny the remaining allegations contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendants admit that Gardner was Buvermo's President at the time Plaintiff interviewed with the company and further admit that Gardner intended to relinquish his role as President; however, as set forth in Plaintiff's offer

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

2

letter, Gardner was going to retain an ongoing and substantive role with the company. Defendants deny the remaining allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Defendants admit that they were seeking a candidate who was prepared to make a long-term commitment to Buvermo, but specifically deny offering or agreeing to provide Plaintiff with a specific term of employment. To the contrary, it was understood that Plaintiff's employment with Buvermo was for an indefinite term and was "at-will," terminable by either party with our without cause or advance notice. Defendants deny the remaining allegation contained in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendants admit that Plaintiff was to receive the FPEP interest specifically identified in his offer letter dated June 3, 2005. Defendants further admit that it was their intent for Plaintiff, over time, to assume the role of managing member of certain LLC's through which Defendant Fidelio Properties ("Fidelio") possesses its property ownership interests. Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Answering Paragraph 18 of the Complaint, Defendants admit that Plaintiff executed an offer letter dated June 3, 2005 that described the compensation to which he would be entitled as Buvermo's President. Defendants deny the remaining allegations contained in Paragraph 18.

19. Answering Paragraph 19 of the Complaint, Defendants admit that Plaintiff's offer letter provides for an annual base salary of $250,000.

20. Answering Paragraph 20 of the Complaint, Defendants admit that, as set forth in his offer letter, Plaintiff was to receive the FPEP promoted interest owned by Fidelio for certain

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

3

land parcels adjacent to the Sheraton Reston parcel and remaining land parcels at Twinbrook, subject specifically to a two (2) year vesting period which Plaintiff failed to satisfy by virtue of his termination prior to his first anniversary with Buvermo. Defendants deny the remaining allegations contained in Paragraph 20.

21. Answering Paragraph 21 of the Complaint, Defendants admit that Plaintiff was to receive the FPEP promote available to Gardner for projects initiated after December 31, 2005 in accordance with the terms of his offer letter dated June 3, 2005. Defendants state that at the time of Plaintiff's termination, none of the projects initiated after December 31, 2005 had closed and therefore Plaintiff had no enforceable interest in these projects. Even if Plaintiff had an enforceable interest in these projects, which is denied, according to the formula set forth in the F.P. Executive Partners, L.L.C. Operating Agreement, any such interest Plaintiff held at the time of his termination in March 2006 would have no value and was subject to mandatory redemption. Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff had the right to invest his own equity, on a non-selective basis, in future projects in an amount equal to 2.5% of the capital required for such projects. Defendants deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. To the extent the argumentative statement set forth in Paragraph 24 requires a response, Defendants deny that Gardner was expected to relinquish his involvement in Buvermo's business operations; indeed, Plaintiff's offer letter dated June 3, 2005 expressly contemplates a continuing and substantive role for Gardner in the business. Defendants deny the remaining allegations contained in Paragraph 24.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520 ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

4

25. Answering Paragraph 25 of the Complaint, Defendant admits that Gardner continued to act as President of Buvermo because Plaintiff elected not to assume this position and instead worked for Buvermo as an outside consultant and was paid through an LLC he formed. Further, Defendants admit that, with the knowledge and approval of Defendants' principals, Gardner maintained a small office at Buvermo (giving his large corner office to Plaintiff) as well as a home office and retained his monthly parking pass, company cellular phone, company charge card, and business cards. Defendants deny the remaining allegations contained in Paragraph 25.

26. Answering Paragraph 26 of the Complaint, Defendants admit that Plaintiff and Gardner initiated a meeting with the individuals identified in this paragraph to discuss Plaintiff's concerns regarding management of Buvermo. Defendants deny the remaining allegations contained in Paragraph 25.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Defendants admit that Plaintiff demanded that Gardner retire but deny that Gardner was under any obligation to do so. Defendants deny the remaining allegations contained in paragraph 29.

30. Answering Paragraph 30 of the Complaint, Defendants admit that Plaintiff and Gardner met on March 22, 2006 to discuss various business issues, including prospective investments for Buvermo. Defendants deny the remaining allegations contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Defendants admit that Plaintiff again demanded that Gardner retire but deny that Gardner had any obligation to do so. Defendants deny the remaining allegations contained in Paragraph 31.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE: (301) 838-8950

32. Answering Paragraph 32 of the Complaint, Defendants admit that Gardner, with the knowledge and approval of Defendants' principals, delivered a letter to Plaintiff on March 24, 2006 terminating his employment with Buvermo, effective immediately. Defendants further admit that the termination letter does not identify the basis for the termination decision but state that Plaintiff was employed "at-will" and was subject to termination at any time with or without notice. Defendants deny the remaining allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Answering Paragraph 38 of the Complaint, Defendants admit that Mr. Pijper was paid an annual fee to perform services on behalf of Buvermo, but deny the remaining allegations contained in Paragraph 38.

39. Defendants admit the allegations contained in Paragraph 39 of the Complaint, but state that neither of these projects had closed at the time of Plaintiff's termination in March 2006.

40. Defendants deny Paragraph 40 of the Compliant as stated. By way of further response, Defendants admit advising Plaintiff that he had no enforceable interest in or right to receive compensation for the land parcels adjacent to the Sheraton Reston parcel or the remaining land parcels at Twinbrook because, according to his offer letter, any such interest was expressly subject to a two (2) year vesting period which Plaintiff failed to satisfy by virtue of his termination.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520 ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

41. Defendants deny Paragraph 41 of the Complaint as stated. By way of further response, Defendants state that the Spotswood Valley Shopping Center deal and the Reston JBG deal had not closed at the time of Plaintiff's termination and therefore Plaintiff had no enforceable interest in these transactions. Even if Plaintiff had an enforceable interest in these projects, which is denied, according to the formula set forth in the F.P. Executive Partners, L.L.C. Operating Agreement, any such interest Plaintiff held at the time of his termination in March 2006 would have no value and was subject to mandatory redemption. Defendants deny the remaining allegations contained in Paragraph 41.

42. Defendants admit that Plaintiff has not been afforded the option to invest his own equity in the projects identified in Paragraph 42, but deny that Plaintiff had such an option due to his termination.

## COUNT I
**(Breach of Contract Against Buvermo)**

43. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 42 above.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count I.

## COUNT II
**(Breach of Implied Covenant of Good Faith and Fair Dealing Against Buvermo and Fidelio)**

47. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 46 above.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

7

48. Defendants deny that Plaintiff's "at-will" employment contract included an implied covenant of good faith and fair dealing.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Answering Paragraph 51 of the Complaint, Defendants admit that FPEP, Janivo, Donelux, Orvan and FPMI are general partners in Fidelio but deny any liability whatsoever to Plaintiff and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count II.

## COUNT III
**(Anticipatory Breach of Contract Against Buvermo, Fidelio and Fidelio's Partners)**

52. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 51 above.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit that Plaintiff had the right to invest his own equity, on a non-selective basis, in future projects in an amount equal to 2.5% of the capital required for such projects. Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint

56. Defendants deny Paragraph 56 of the Compliant as stated. By way of further response, Defendants admit advising Plaintiff that he had no enforceable interest in or right to receive compensation for the land parcels adjacent to the Sheraton Reston parcel or the remaining land parcels at Twinbrook because, according to his offer letter, any such interest was expressly subject to a two (2) year vesting period which Plaintiff failed to satisfy by virtue of his termination.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

57. Defendants deny Paragraph 57 of the Complaint as stated. By way of further response, Defendants state that the Spotswood Valley Shopping Center deal and the Reston JBG deal had not closed at the time of Plaintiff's termination and therefore Plaintiff had no enforceable interest in these transactions. Even if Plaintiff had an enforceable interest in these projects, which is denied, according to the formula set forth in the F.P. Executive Partners, L.L.C. Operating Agreement, any such interest Plaintiff held at the time of his termination in March 2006 would have no value and was subject to mandatory redemption. Defendants deny the remaining allegations contained in Paragraph 57.

58. Defendants admit that Plaintiff has not been afforded the option to invest his own equity in the projects identified in Paragraph 58, but deny that Plaintiff had such an option due to his termination.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Answering Paragraph 60 of the Complaint, Defendants admit that FPEP, Janivo, Donelux, Orvan and FPMI are general partners in Fidelio but deny any liability whatsoever to Plaintiff and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count III.

## COUNT IV
### (Declaratory Judgment Against Buvermo, Fidelio and its partners)

61. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 60 above.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 is purely argumentative and therefore requires no response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 63.

SMITH, LEASE & GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

64. Defendants admit that Plaintiff's compensation plan contains a provision allowing him to invest his own equity in projects in which Fidelio was involved, but state that Plaintiff's right to invest ended at the time of his termination.

65. Defendants admit that it is their position that Plaintiff is not entitled to any of the benefits sought in his Complaint by virtue of his termination and the terms of the operative documents. Defendants deny any liability whatsoever to Plaintiff and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count IV.

## **COUNT V**
**(Intentional Misrepresentation/Fraud Against Gardner, Fidelio and Buvermo)**

66. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 65 above.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit that while he was employed by Buvermo, Plaintiff had the right to invest his capital in projects in which Fidelio was involved, but state that such right ended upon the termination of Plaintiff's employment. Defendants deny the remaining allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint. Defendants deny any liability whatsoever to Plaintiff and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count V.

## COUNT VII
### (Tortious Interference with Contractual Relations Against Gardner)

76. Defendants incorporate by reference their responses to Plaintiff's allegations set forth in Paragraphs 1 through 75 above.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint. Defendants deny any liability whatsoever to Plaintiff and further deny that Plaintiff is entitled to the relief set forth in the *ad damnum* clause to Count VII.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Some or all of Plaintiff's claims are barred by the Statute of Frauds.

3. Some or all of Plaintiff's claims are barred by virtue of the fact that Plaintiff's employment was terminable at-will.

4. Plaintiff's interest in the land parcels adjacent to the Sheraton Reston parcel and the remaining land parcels at Twinbrook was expressly subject to a two (2) year vesting period which Plaintiff failed to satisfy by virtue of his termination and his claim is therefore barred by the failure of a condition precedent.

5. Plaintiff held no enforceable interest in any project initiated after December 31, 2005 because none of these projects had closed at the time of his termination; further, to the

SMITH, LEASE &
GOLDSTEIN, LLC

ATTORNEYS AT LAW

11 NORTH WASHINGTON
STREET, SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE: (301) 838-8950

extent Plaintiff had any such interest, such interest had no value at the time of his termination and was subject to mandatory redemption.

6.  Plaintiff lacks standing to pursue some or all of the claims asserted in his Complaint.

7.  Plaintiff has failed to join a necessary party in this case under Rule 19.

8.  Some or all of Plaintiff's claims are barred by reason of payment.

9.  Some or all of Plaintiff's claims are barred by reason of estoppel.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By:   ___/s/ Marc J. Smith_____
Marc J. Smith
D.C. Bar No. 460255
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

Counsel for Plaintiff