*Work copy*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN H. MORRIS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **Case No.: 1:06CV01131 (HHK)** |
| | : |
| **BUVERMO PROPERTIES, INC., et al.,** | : |
| | : |
| **Defendants.** | : |

### PLAINTIFF JONATHAN H. MORRIS'S ANSWERS
### TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits the following answers to Defendants' First Interrogatories to Plaintiff, and states as follows:

### PRELIMINARY STATEMENT

The following answers to interrogatories are based only upon such information and documents that are presently known to plaintiff. Further discovery and analysis may supply additional facts and establish new factual or legal contentions that plaintiff may assert.

These answers are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, including without limitation, objections concerning competency, relevancy, materiality, propriety and admissibility. All such objections and grounds thereof are reserved and may be raised in subsequent proceedings.

These answers include, as requested, knowledge and information not only of the plaintiff, but of agents, representatives, and, unless privileged, the plaintiff's attorneys.

The phrasing of these answers is not necessarily that of the plaintiff, but is, in some cases, the phrasing of the persons mentioned in preceding paragraph.

The following answers are given without prejudice to the plaintiff's right to produce evidence of any subsequently discovered fact or contention that plaintiff may later develop. These answers furnish knowledge, facts and information presently available and, as requested, if subsequent or different information is obtained before trial, these answers will be appropriately supplemented, either formally or informally by communicating the information to all parties. No duty to supplement these answers is undertaken except as provided in the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.    Plaintiff objects to the interrogatories to the extent that they seek information and the identity of documents that are neither relevant nor likely to lead to the discovery of admissible evidence.

2.    Plaintiff objects to the interrogatories to the extent that they seek information or the identity of documents that are protected under the attorney-client, attorney-work product or any other relevant privileges.

3.    Plaintiff objects to the interrogatories to the extent that they seek information about documents and other tangible materials that have been prepared in anticipation of litigation or for trial.

4.    Plaintiff objects to the interrogatories to the extent that they seek to impose obligations that are beyond the scope permitted by the Federal and Local Rules of Civil Procedure.

5.    Plaintiff's failure to object to any of the requests on a particular ground or grounds shall not be construed as a waiver of his right to object on such ground or grounds at any time.

## ANSWERS TO INTERROGATORIES

Interrogatory No. 1: Identify each person who directly or indirectly provided information used in answering these interrogatories, and for each person so identified, identify the specific interrogatories for which the information was provided.

Answer:    Plaintiff provided the information used in answering all of these interrogatories.

Interrogatory No. 2:    Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in Defendants' Answer to the Complaint, and state the subject matter of the personal knowledge possessed by each such person.

Answer:  Please refer to plaintiff's Rule 26(a) Initial Disclosures that were filed in this litigation.

Interrogatory No. 3:    For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons underlying such opinions.

Answer:  Plaintiff has not yet determined whom he will be calling as an expert to testify at trial in this matter.  If and when such determination is made, plaintiff will identify such expert in accordance with Rule 26(a)(2)..

Interrogatory No. 5:    If Plaintiff intends to rely upon any documents or other tangible things to support a position he has taken or intends to take in the action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

Answer:  All documents or other tangible things upon which plaintiff intends to rely to support a position he has taken or intends to take in this action have been or will be produced in response to defendants' document requests.

Interrogatory No. 6:    Identify all email accounts, including personal accounts, used by Plaintiff during the period January 2005 through the present.

Answer:  jmorris@buvermo.com; jonathanmorris@comcast.net; jhm354@bellsouth.net; and jhm429@adelphia.net.

Interrogatory No. 7: Describe in detail all communications you have had with Equinox Partners ("Equinox") (including any officer, director or employee of Equinox, including, without limitation, Anthony LoPinto and Marsha Pearcy) concerning employment with Defendant Buvermo. Your response should include a detailed description of all communications with Equinox concerning your compensation with Buvermo and alleged term of employment.

Answer: Plaintiff objects to this interrogatory as unduly burdensome to the extent it requires identification of each and every oral communication between plaintiff and Equinox concerning plaintiff's employment with Buvermo. Subject to this objection, but without waiving it, plaintiff states that he had several conversations with Anthony LoPinto and Marsha Pearcy relating to position description, duties and compensation. Plaintiff also had conversations with both Mr. LoPinto and Ms. Pearcy concerning Mr. Gardner's retirement from Buvermo and the extent to which Mr. Gardner would remain involved in Buvermo's business dealings. Plaintiff was advised both by Mr. LoPinto and Ms. Pearcy that Mr. Gardner was to retire from full-time work at Buvermo and become an advisor to the company.

Plaintiff further recalls that, following plaintiff's final interviews with Messrs. Tjaden, van Rhee and Gardner, Mr. LoPinto called plaintiff and advised him that he had been asked whether plaintiff would be willing commit to a twenty-year term with Buvermo. Mr. LoPinto advised plaintiff that he had already explained that to Messrs. Tjaden, van Rhee and Gardner that, given plaintiff's age and Fidelio's mandatory retirement age of 65, a twenty-year commitment would not be possible. Mr. LoPinto then asked plaintiff how many years he would be willing to commit to the position with Buvermo, and plaintiff responded that he would commit to a ten-year term.

With respect to plaintiff's written communications with Equinox, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be

4

producing documents from which the answer to this interrogatory may be ascertained. In

addition, please refer to the documents produced by Equinox in response to plaintiff's

subpoena.

Interrogatory No. 8:  Describe in detail all communications you have had with any of the Defendants (including any officer, director or employee of Defendants) concerning employment with Defendant Buvermo.  Your response should include a detailed description of all communications concerning your compensation with Buvermo and alleged term of employment.

Answer:  Plaintiff objects to this interrogatory as unduly burdensome to the extent

it requires identification of each and every oral communication between plaintiff and any

of the defendants concerning plaintiff's employment with Buvermo.  Subject to this

objection, but without waiving it, plaintiff states that he had numerous conversations

about his employment and compensation with Mr. Tjaden, Mr. van Rhee, Mr. Gardner,

Ms. McCormick, Mr. LoPinto and Ms. Pearcy.

In the course of the interview process, Mr. Gardner advised plaintiff that he was

retiring from his position as President and CEO of Buvermo because he was approaching

Fidelio's mandatory retirement age of 65.  Mr. Gardner assured plaintiff that, although he

(Gardner) would remain partially involved in Buvermo's operations to facilitate the

transition, plaintiff would be in charge of the business operations and that he (Mr.

Gardner) would soon cease having any further involvement in Buvermo's business

operations.

Plaintiff also had discussions with Mr. LoPinto (see plaintiff's answer to

Interrogatory No. 7), Mr. Tjaden, and Mr. Gardner in which plaintiff confirmed his

willingness to commit to a ten-year term. During these discussions, Mr. Gardner and Mr.

Tjaden acknowledged the parties' commitment to a tern-year employment term.  Mr.

Tjaden specifically thanked plaintiff for his long-term commitment and further expressed

his understanding that plaintiff could not commit to a longer term.

Prior to the commencement of his employment with Buvermo, on or about June 2,

2005, plaintiff executed a letter which memorialized many of the terms of plaintiff's

employment that previously had been negotiated and agreed to between plaintiff and

Gardner (the "Compensation Plan"). A copy of this Compensation Plan was produced

along with plaintiff's initial disclosures in this litigation. See JHM0003-4.

After plaintiff commenced his employment with Buvermo and through the date of

his termination, plaintiff has numerous discussions with Messrs. Gardner, van Rhee and

Tjaden regarding Mr. Gardner's refusal to turn over responsibility for Buvermo's

operations. In December 2005, plaintiff met with Messrs. Gardner, van Rhee and Tjaden,

at which time it was agreed that Gardner would significantly reduce his involvement with

Buvermo's operations. Mr. Gardner failed and refused to live up to this agreement.

With respect to plaintiff's written communications with defendants, pursuant to

Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be

producing documents from which the answer to this interrogatory may be ascertained. In

addition, please refer to the documents produced by defendants in this litigation.


Interrogatory No. 9:  Identify the date(s) on which the discussions described in
paragraph 15 of the Complaint allegedly took place, identify all persons present during
any such discussion and identify all documents supporting the allegations contained in
paragraph 15.

Answer:  Plaintiff objects to this interrogatory as unduly burdensome to the extent

it requires plaintiff to recall the specific dates and persons present for each and every oral

communication between plaintiff and any of the defendants concerning plaintiff's

6

employment with Buvermo. Subject to this objection, but without waiving it, plaintiff

states that the negotiation of the terms of his employment with Buvermo occurred prior to

his employment with Buvermo in the Spring of 2005, and that these negotiations took

place between plaintiff and Messrs. Gardner, van Rhee, Tjaden.

With respect to plaintiff's written communications with defendants, pursuant to

Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be

producing documents from which the answer to this interrogatory may be ascertained. In

addition, please refer to the documents produced by defendants in this litigation.

Interrogatory No. 10: Describe the factual basis supporting the allegation
contained in paragraph 16 of the Complaint that an agreement was reached that Plaintiff's
employment with Buvermo would continue for a minimum of ten years. In addition to a
detailed description of the facts supporting this allegation, identify the date on which this
agreement was allegedly reached, identify all parties to the alleged agreement, identify all
persons present when the agreement was allegedly reached and identify all documents
supporting this allegation.

Answer: See plaintiff's previous answers to Interrogatories Nos. 7 and 8.

With respect to the documents supporting the allegations contained in paragraph

16 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

plaintiff already has or will be producing documents from which the answer to this

interrogatory may be ascertained.

Interrogatory No. 11: Describe the factual basis supporting the allegations
contained in paragraph 17 of the Complaint. In addition to a detailed description of the
facts supporting this allegation, identify the date(s) on which the discussions described in
paragraph 17 of the Complaint allegedly took place, identify all persons present during
any such discussion and identify all documents supporting the allegations contained in
paragraph 17.

Answer: As previously set forth, plaintiff had numerous discussions with Messrs.

Gardner, van Rhee and Tjaden regarding the terms and conditions of his employment

7

with Buvermo. As reflected in plaintiff's Compensation Plan (see JHM0003-4), plaintiff

was promised Mr. Gardner's membership interest in FPEP and would assume Mr.

Gardner's role as the managing member or president of the various entities, including

Fidelio, FPEP, Janivo, Donelux, Orvan and FPMI.

With respect to the documents supporting the allegations contained in paragraph

17 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

plaintiff already has or will be producing documents from which the answer to this

interrogatory may be ascertained.

Interrogatory No. 12: Identify the "compensation plan" described in paragraph 18
of the Complaint and identify all documents supporting the allegations contained in
paragraph 18.

Answer: See JHM0003-5 and plaintiff's answer to Interrogatory No. 11. With

respect to the documents supporting the allegations contained in paragraph 18 of the

Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff

already has or will be producing documents from which the answer to this interrogatory

may be ascertained.

Interrogatory No. 13: Describe the factual basis supporting the allegation
contained in paragraph 20 of the Complaint that you were entitled to "an amount equal to
2.5% of the cash receipts or other consideration" realized by Defendant Fidelio Properties
("Fidelio") from the Sheraton Reston and Twinbrook Metro Park projects after Fidelio
recovered its initial investment and a compounded rate of return. In addition to a detailed
description of the facts supporting this allegation, identify all documents supporting the
allegations contained in paragraph 20.

Answer: Prior to the commencement of his employment with Buvermo, plaintiff

had numerous conversations with Messrs. Gardner, van Rhee and Tjaden regarding the

manner in which he would be compensated for his services. The substance of some of

8

these conversations was later reflected in plaintiff's Compensation Plan (see JHM0003-
4), which expressly states that plaintiff "will be entitled, upon start of employment, to the
share of FPEP promoted interest currently owned by Fidelio Properties for land parcels
adjacent to the Sheraton Reston parcels, and remaining land parcels at Twinbrook."   At
the time the Compensation Plan was executed, Fidelio's promoted interest was such that
it was entitled to receive an amount equal to 2.5% of the cash receipts or other
consideration realized from the Sheraton Reston and Twinbrook Metro Park projects after
it recovered its initial investment and a compounded rate of return.

With respect to the documents supporting the allegations contained in paragraph
20 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,
plaintiff already has or will be producing documents from which the answer to this
interrogatory may be ascertained.

Interrogatory No. 14: Describe the factual basis supporting the allegation
contained in paragraph 21 of the Complaint that for all projects initiated after
December 31, 2005, you ere entitled to "an amount equal to 15.5% of the cash receipts or
other consideration" realized by Defendant Fidelio after it recovered its initial investment
and a compounded rate of return.   In addition to a detailed description of the facts
supporting this allegation, identify all documents supporting the allegations contained in
paragraph 21.

Answer: Prior to the commencement of his employment with Buvermo, plaintiff
had numerous conversations with Messrs. Gardner, van Rhee and Tjaden regarding the
manner in which he would be compensated for his services. The substance of some of
these conversations was later reflected in plaintiff's Compensation Plan (see JHM0003-
4), which expressly states that plaintiff "will be entitled to the FPEP promote currently
available to [Gardner] for all projects initiated after December 31, 2005, and for all
projects initiated by [plaintiff] prior to that time, . . ." At the time the Compensation Plan

9

was executed, Mr. Gardner's FPEP promoted interest was such that he was entitled to receive an amount equal to amount equal to 15.5% of the cash receipts or other consideration realized in connection with its investment in said properties, after Fidelio first recovers its initial investment plus a compounded rate of return.

With respect to the documents supporting the allegations contained in paragraph 21 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

Interrogatory No. 15: Describe the factual basis supporting the allegation contained in paragraph 24 of the Complaint that Defendant Gardner "continually interfered with the progress of many deals that were being pursued by Plaintiff." Your response should identify the parties to each deal that Gardner allegedly interfered with.

Answer: Throughout plaintiff's employment with Buvermo, Mr. Gardner frequently interfered with plaintiff's business dealings and engaged in his own business dealings on behalf of Buvermo without plaintiff's knowledge or consent. For more information regarding the nature of Mr. Gardner's interference, please refer to paragraphs 23 through 30.

Apart from complicating plaintiff's ability to manage the day-to-day operations of Buvermo, Mr. Gardner's interference and refusal to turn over responsibility for Buvermo's business operations interfered with the progress of plaintiff's dealings with third parties. For example, the first deal plaintiff pursued, immediately upon joining Buvermo, was an office building located in the central business district of Washington, D.C. called '1660 L Street" which was offered for sale by Cushman & Wakefield's Investment Sales Team. Plaintiff brought in Cigna Investments to make a $30+ million

mortgage and Guggenheim Real Estate Partners to invest $20 million of equity. While

plaintiff was running numbers and checking on rental rates, Mr. Gardner was meeting

separately, without plaintiff's knowledge, with leasing agents in an effort to establish that

the deal did not work. As plaintiff and Mr. Gardner engaged in conference calls with

Guggenheim to go over the underwriting, Mr. Gardner frequently chirped in many times

with suspect questions about the deal. Guggenheim's trepidation brought on by Mr.

Gardner's criticism of the deal led it to pass on the deal, after plaintiff had successfully

negotiated the joint-venture agreement with Guggenheim and Cigna had orally

committed to making the loan. After the deal fell through, members of Cushman &

Wakefield's Investment Sales Team told plaintiff that Buvermo would never get a deal

done until Mr. Gardner was gone.

Similarly, as recently as two weeks prior to plaintiff's termination, Mr. Gardner

planned a meeting downtown with a former Oliver Carr Company executive, Terry

Hinderman, with the purpose of discussing new investment opportunities. Mr.

Hinderman had called plaintiff to meet with him, however, plaintiff told him that he was

busy with the March Board Meeting and would call him the following week. Mr.

Gardner took it upon himself to set a meeting without first advising plaintiff of his

intention to do so.

Interrogatory No. 16: Describe the factual basis supporting the allegation
contained in paragraph 32 of the Complaint that your termination "was not in accordance
with Buvermo's bylaws." In addition to a detailed description of the facts supporting this
allegation, identify all documents supporting the allegations contained in paragraph 32.

Answer:  Plaintiff did not receive the documents responsive to his document

requests to defendants until September 29, 2006, and thus had not yet had an opportunity

to thoroughly review the documents produced. Plaintiff will supplement this answer after

he has had an opportunity to thoroughly review the documents produced by defendants in

discovery.

Interrogatory No. 17: Describe the factual basis supporting the allegations
contained in paragraph 33 of the Complaint. In addition to a detailed description of the
facts supporting these allegations, identify all documents supporting the allegations
contained in paragraph 33.

Answer: Plaintiff did not receive the documents responsive to his document

requests to defendants until September 29, 2006, and thus had not yet had an opportunity

to thoroughly review the documents produced. Plaintiff will supplement this answer after

he has had an opportunity to thoroughly review the documents produced by defendants in

discovery.

Notwithstanding the above, please refer to paragraphs 22 through 30 of the initial

Complaint filed by plaintiff. In addition, plaintiff was terminated in March, 2006, after

the JBG Reston and Spotswood Valley Shopping Center deals were initiated. Plaintiff's

termination also followed efforts by Mr. Gardner to persuade plaintiff to accept a smaller

interest in the JBG Reston deal than that to which he was entitled under the

Compensation Plan.    Plaintiff was terminated following his refusal to accept Mr.

Gardner's proposal. Defendants are now refusing to recognize plaintiff's interest in any

of the deals that were initiated during his tenure on the basis that the deals had not closed

until soon after his termination.

With respect to the documents supporting the allegations contained in paragraph

33 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

plaintiff already has or will be producing documents from which the answer to this

interrogatory may be ascertained.

Interrogatory No. 18: Describe the factual basis supporting the allegations
contained in paragraph 34 of the Complaint. In addition to a detailed description of the
facts supporting these allegations, identify all documents supporting the allegations
contained in paragraph 34.

Answer: Plaintiff did not receive the documents responsive to his document

requests to defendants until September 29, 2006, and thus had not yet had an opportunity

to thoroughly review the documents produced. Plaintiff will supplement this answer after

he has had an opportunity to thoroughly review the documents produced by defendants in

discovery.

Notwithstanding the above, please refer to paragraphs 35 through 37 of the initial

Complaint filed by plaintiff. When plaintiff confronted Mr. Gardner regarding the

matters addressed in these paragraphs, Mr. Gardner became defensive and requested that

plaintiff not inquire into these matters. After plaintiff persisted in his efforts to obtain

clarification regarding these matters, he was terminated.

With respect to the documents supporting the allegations contained in paragraph

34 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

plaintiff already has or will be producing documents from which the answer to this

interrogatory may be ascertained.

Interrogatory No. 19: Describe the factual basis supporting the allegations
contained in paragraphs 39 and 40 that you had an interest in the projects identified
therein. In addition to a detailed description of the facts supporting these allegations,
identify all documents supporting the allegations contained in paragraphs 39 and 40.

Answer:  Please refer to plaintiff's answers to Interrogatories Nos. 13 and 14.

With respect to the documents supporting the allegations contained in paragraphs 39 and 40 of the Complaint, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

Interrogatory No. 20: Describe in detail each and every fact supporting Count V of the Complaint (Intentional misrepresentation/fraud). In addition to a detailed description of the facts supporting your allegations of fraud, identify all documents supporting this allegation.

Answer:  Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion as to what facts are relevant to his claim of intentional misrepresentation. Plaintiff further objects to this interrogatory as unduly burdensome to the extent it requires him to "[d]escribe in detail each and every fact" supporting his claim for intentional misrepresentation.  Subject to these objections, but without waiving them, plaintiff hereby incorporates all allegations set forth in the Complaint, including but not limited to the allegations made in paragraphs 14-17, 23-30, 33, 38-40 and 62-69, as well as plaintiff's answers to these interrogatories.

With respect to the documents supporting plaintiff's allegations of fraud, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

Interrogatory No. 21: Describe in detail the factual and legal basis for your request for "treble damages" in the *ad damnum* clause in Count V.

Answer:  Plaintiff objects to this interrogatory to the extent it requires plaintiff to describe the legal basis for his request for treble damages as calling for a legal

14

conclusion. With respect to plaintiff's factual basis for this request, please refer to the facts alleged in plaintiff's Complaint.

Interrogatory No. 22: Describe in detail all facts supporting the damages sought in each count of the Complaint and the manner in which said damages were calculated.

Answer: Plaintiff objects to this interrogatory to the extent it calls for a legal conclusion as to what facts are relevant to a determination of the amount of damages he is entitled to recover. Plaintiff further objects to this interrogatory as unduly burdensome to the extent it requires him to describe "in detail" all facts supporting the damages sought in his Complaint.

Subject to these objections, but without waiving them, plaintiff claims that he is owed approximately $2,250,000 in base salary that he would have earned had Buvermo not prematurely and wrongfully terminated his employment agreement with the company. In addition, plaintiff is seeking the value of his interest in two existing properties, known as the Sheraton Reston and Twinbrook Metro Park projects. Fidelio, directly or through its affiliated entities, is required to pay plaintiff an amount equal to 2.5% of the cash receipts or other consideration it recognizes in connection with these investments after Fidelio first recovers its initial investment plus a compounded rate of return of 10%.

In addition, plaintiff is seeking the value of his interest for all projects initiated from December 31, 2005 through June 26, 2015, including but not limited to the Spotswood Valley Shopping Center and a new Reston JBG deals. Fidelio, directly or through its affiliated entities, is required to pay plaintiff an amount equal to 15.5% of the

cash receipts or other consideration recognized in connection with these investments, after Fidelio first recovers its initial investment plus a compounded rate of return of 10%.

Plaintiff also is seeking punitive damages and recovery of his attorney's fees for defendants' fraudulent and other tortious conduct.

At this time, discovery in this case is not complete and plaintiff did not receive defendants' documents in response to his discovery requests until September 29, 2006. As such, the exact amount of plaintiff's damages cannot yet be determined. Therefore, plaintiff reserves the right to provide defendants with a revised computation of his damages at a later date when the necessary information is discovered or disclosed.

Interrogatory No. 23: With respect to your response to each of the proceeding 22 interrogatories, please identify, by interrogatory, each and every document that relates, references or pertains to your response, regardless of whether such document supports or refutes your response.

Answer: Plaintiff objects to this request as unduly burdensome as plaintiff's anticipated that thousands of pages of documents will be exchanges in discovery in this case. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, plaintiff already has or will be producing documents from which the answer to this interrogatory may be ascertained.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND INFORMATION.

Jonathan Morris

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By:

David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel:   (202) 362-5900
Fax:  (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on October 4, 2006, a true and correct copy of the foregoing was mailed by first-class mail to the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850

Ziad Haddad