IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN H. MORRIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No.: 1:06CV01131 (HHK) |
| : | |
| **BUVERMO PROPERTIES, INC., et al.,** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF JONATHAN MORRIS'S MEMORANDUM OF
POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiff Jonathan Morris ("Plaintiff" or "Morris"), through his undersigned counsel, hereby submits his memorandum of points and authorities in opposition to Defendants' Motion for Reconsideration ("Motion"), and states as follows:

**I.     INTRODUCTION**

Defendants' Motion simply repeats and reframes arguments that defendants previously made in their reply memorandum in support of their summary judgment motion, while setting forth no newly discovered facts or evidence. The Motion also improperly asks the Court to make credibility determinations, to weigh evidence and draw inferences therefrom, all of which are the function of a jury. In any event, none of the restated facts set forth in the Motion establish, as a matter of law, that plaintiff did not detrimentally rely on defendants' agreement to employ him for a minimum of ten years. For these reasons, and those set forth more fully below, the Motion should be recognized for what it is – a transparent effort to win the Court's favor by smearing plaintiff's character – and be summarily denied.

## II. ARGUMENT

### A. Defendants' Motion Presents No New Facts Or A Clear Error Of Law Which Compel A Change In The Court's Ruling

In its Scheduling Order issued on August 9, 2006, this Court made clear its position on motions for reconsideration:

> The court assumes that counsel have made their best and most convincing arguments in their first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments. "Only if the moving party presents *new facts* or a *clear error of law* which 'compel' a change in the court's ruling will the motion to reconsider be granted."

See Scheduling Order filed August 9, 2006 (emphasis in original).

The Court's stance vis-à-vis motions for reconsideration is entirely consistent with its prior decisions. Indeed, this Court has repeatedly made clear that "motions for reconsideration 'must address new evidence or errors of law or fact and cannot merely reargue previous factual and legal assertions.'" Assassination Archives and Research Ctr. v. United States Dept. of Justice, 828 F. Supp. 100, 101-102 (D.D.C. 1993) (quoting Mississippi Ass'n of Coops. v. Farmers Home Admin., 139 F.R.D. 542, 546 (D.D.C. 1991)); Alexis v. District of Columbia, 1999 WL 680384 at *6 (D.D.C. 1999) (motion to reconsider summary judgment order denied where defendants failed to point to any intervening change in the law or present any previously unavailable evidence); Singh v. George Washington Univ., 383 F. Supp.2d 99 (D.D.C. 2005) (although reconsideration may be appropriate where there is "a controlling or significant change in the law or facts," the court's discretion to reconsider is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."); see also, Al-Sadoon v. FIFI*Madison Financial Corp., 188 F. Supp.2d 899, 903 (M.D. Tenn. 2002) (on employer's motion to reconsider denial of summary judgment, district court would not consider previously unoffered deposition excerpt,

2

affidavit, and other evidence that was not newly discovered but rather had been available to employer at time it filed summary judgment motion); Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003) (reconsideration denied where plaintiffs argued the same point previously and did not allege new facts or an intervening change in law).

In their Motion, defendants offer no new facts nor do they point to any clear error of law in this Court's Order. Instead, in contravention of the Court's Scheduling Order, defendants merely repeat and reframe arguments they previously made in the reply memorandum in support of their summary judgment motion. See Reply Memorandum to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Reply") at 6-9. As reflected in their Reply, defendants already have challenged plaintiff's claim that he detrimentally relied on their promise of long-term employment, raising the very same arguments they now make in their Motion. Although Motion attached some exhibits that defendants failed to previously submit, these documents were available to defendants long before they filed their summary judgment motion or their Reply. For example, Exhibit 1 to the Motion is a transcript of plaintiff's deposition that was taken in October 2006, long before defendants filed their summary judgment motion. In fact, this same exhibit was attached to plaintiff's Reply. See Exhibit 3 to Reply. Likewise, Exhibits 2 and 3 of the Motion were produced by defendants in discovery, as reflected by the Bates numbering at the bottom of those documents, and defendants readily admit that these documents "were located during discovery on the hard drive of the computer [plaintiff] used while employed by Buvermo." Motion at 5. As there is nothing "new" about this evidence, or defendants' arguments for that matter, defendants' Motion should be denied.

**B. Defendants' Motion Improperly Asks The Court To Make Credibility Determinations, Weigh Evidence And Draw Inferences Therefrom**

The Motion also should be denied as it improperly asks the Court to assume the role of the jury. It is well settled that "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge' ruling on a motion for summary judgment." Arrington v. U.S., 473 F.3d 329, 338 (D.C. Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 447 U.S. 232, 245 (1986)). In their Motion, defendants ask the Court to weigh evidence, to view such evidence in a light most favorable to them, and to determine that plaintiff's claim of detrimental reliance lacks credibility. Although defendants are free to attack plaintiff's credibility at trial, resolution of such matters are not appropriate at the summary judgment stage.

**C. Defendants' Motion Fails To Establish As A Matter Of Law That Plaintiff Did Not Detrimentally Rely On Their Agreement To Employ Him For A Minimum Of Ten Years.**

In addition to rehashing arguments previously made in their Reply, defendants' Motion fails to establish as a matter of law that plaintiff did not rely to his detriment on their promise of long-term employment. First, defendants' claim that plaintiff "never left his home in Florida" after he was hired by Buvermo is nonsensical. See Motion at 4. As plaintiff stated in his Affidavit, when he was first contacted regarding the possibility of employment with Buvermo, he was residing in Florida. See Affidavit of Jonathan H. Morris ("Morris Aff."), at ¶ 8.[1] This fact has not and cannot be disputed by defendants. It also cannot be disputed that, in discharging his duties as Buvermo's president, plaintiff was required to move from Florida back to the District of Columbia. Indeed, defendants themselves concede that plaintiff was required to work

---

[1] Plaintiff's affidavit was previously submitted along with his Opposition to defendant's Motion for Summary Judgment.

4

out of Buvermo's offices in Northern Virginia. <u>See</u> Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment at 5-6. Consistent with that requirement, plaintiff moved back to the District of Columbia and lived there throughout his tenure as Buvermo's president. <u>Id.</u> at ¶¶ 7, 17 and 18. Thus, while plaintiff's legal status as a Florida resident had not changed, plaintiff did physically move back to the District, and incurred the cost and endured the hassle of relocating. <u>Id.</u> Plaintiff would not have done so without defendants' assurance of long-term employment and there is no any evidence to the contrary. <u>Id.</u>

Defendants also cannot legitimately dispute that plaintiff purchased a large penthouse unit in the District of Columbia for the purpose of entertaining defendants' clients, that defendants had full knowledge of and supported his decision to do so, that plaintiff would not have undertaken such a liability without defendants' assurance of long-term employment, and that plaintiff was forced to sell the unit at a loss due to his sudden termination. These facts are not disproved simply because plaintiff previously owned a smaller and more affordable unit in the District of Columbia. Nor is plaintiff precluded for claiming detrimental reliance merely because defendants did not require him to purchase the penthouse unit. <u>See, e.g.</u>, <u>Nagri v. CaMac Corp</u>, 820 F. Supp. 253, 254-8 (W.D. Va. 1992).

Defendants' claim that plaintiff misrepresented facts concerning the sale of his townhouse in Florida also lacks merit. In fact, it is defendants' argument that contains misrepresentations. It should first be noted that plaintiff did not represent, as defendants suggest, that he sold his townhouse in Florida immediately upon accepting employment with Buvermo. <u>See</u> Motion at 3. Rather, as stated in his Affidavit, plaintiff sold his townhouse in the "process" of relocating back to the District of Columbia, a fact that is not disputed by defendants' Motion. <u>See</u> Morris Aff. at ¶ 17. Plaintiff's e-mail correspondence, attached as Exhibit 2 to defendants'

Motion, merely demonstrates that plaintiff had decided to downgrade from a townhouse to a condominium, but preferred to wait to sell the townhouse in the hopes that the sale price would escalate. The e-mail, however, does not contradict plaintiff's claim that he was forced to sell the townhouse sooner and for less than he otherwise would have were it not for the obligations, financial and otherwise, he assumed as part of his employment with defendants.

Finally, defendants' claim that plaintiff's investment activities in Florida were in no way affected by his acceptance of employment with Buvermo is misleading. In support of their claim, defendants attach to their Motion an unexecuted purchase contract they contend plaintiff "actively considered executing" and further point out that, in February 2006, plaintiff purchased a condominium in Palm Beach. This evidence is irrelevant, because it fails to disprove – or even address – plaintiff's claim that he had identified several residential properties in Palm Beach, Florida prior to his employment with Buvermo, and that he discontinued his pursuit of those investments as result of his employment. See Morris Aff. at ¶ 8-10. Having failed to refute these facts, defendants cannot seriously claim they have demonstrated the absence of material factual disputes.

## III. CONCLUSION

For all of the foregoing reasons, defendants' Motion for Reconsideration should be denied in its entirety.[2]

---

[2] As explained in plaintiff's opposition to defendant's summary judgment motion, plaintiff's claims to an interest in transactions that were initiated during his employment, including the Spotswood Valley and Reston International Center deals, are not dependent on a finding that Buvermo agreed to employ plaintiff for a term of ten years. See Plaintiff Jonathan Morris's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment at 14. Thus, in the unlikely event this Court were to grant defendants' Motion for Reconsideration, plaintiff should be allowed to proceed with his claims to those interests.

Respectfully submitted,

TOBIN, O'CONNOR, EWING & RICHARD

By: /s/ Ziad Haddad
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C.  20015
Tel:  (202) 362-5900
Fax:  (202) 362-5901
*Attorney for Plaintiff Jonathan Morris*

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on October 11, 2007, a true and correct copy of the foregoing was hand-delivered to:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street, Suite 520
Rockville, Maryland  20850

/s/Ziad Haddad
Ziad Haddad