IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN H. MORRIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. |
| | : | 1:06-CV-01131 (HHK) |
| BUVERMO PROPERTIES, INC., et. al., | : | Next Event: Status Conference |
| | : | (no date assigned) |
| Defendants. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendants Buvermo Properties, Inc., Fidelio Properties, F.P. Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., and Fidelio Properties Management, Inc. hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for Reconsideration.

**ARGUMENT**

In their Motion for Reconsideration, Defendants have presented irrefutable evidence that the Plaintiff, in an effort to avoid summary judgment, made material misrepresentations in his Affidavit upon which the Court relied in its Memorandum Opinion entered on September 24, 2007. Specifically, Plaintiff did not, as he asserts in his Affidavit, sell his townhouse in Florida and move to the District of Columbia upon accepting employment with Buvermo. According to his own deposition testimony, Plaintiff has owned a home in the District of Columbia for decades and has also continuously maintained his residence in Florida without interruption since January 2004. (Morris Dep. at 14-17). Further, in stark contrast to the representations contained in his Affidavit, Plaintiff did not abandon his real estate investment activity upon accepting employment with Buvermo; to the contrary, following the commencement of his employment, Plaintiff continued to seek and purchase Florida real estate.

According to Plaintiff, Defendants' Motion should be denied because it merely restates the points argued in their Motion for Summary Judgment and contains no "newly discovered facts or evidence." As in his Affidavit, Plaintiff misstates the facts. Exhibits 2 and 3 to Defendants' Motion for Reconsideration constitute, in effect, newly discovered evidence that was not included in Defendants' previous submissions.[1] These documents, both of which were prepared by the Plaintiff, illuminate his deception.

In his Affidavit, Plaintiff claims to have sold his Florida townhouse upon accepting employment with Buvermo. See Morris Aff'd. ¶ 17. Exhibit 2 demonstrates that as of February 2006 -- more than seven months after he was hired -- Plaintiff still owned this townhouse; indeed, according to this document, Plaintiff planned to continue using the townhouse "as a home base" for an _additional_ ten months. Notably, Plaintiff was terminated in March 2006, soon after preparing Exhibit 2 and well _before_ the planned disposition of the townhouse. In short, Plaintiff simply cannot demonstrate the requisite element of reliance with respect to the purported disposition of his townhouse.

Further, Exhibits 2 and 3 also demonstrate that, contrary to the assertions set forth in his Affidavit, Plaintiff did _not_ abandon his Florida real estate investment activities upon accepting employment with Buvermo. Rather, as evidenced by these documents, Plaintiff continued to seek and acquire real estate investments in Florida long after assuming his position with

---

[1] Addressing Plaintiff's contention that these documents were produced during the discovery process (along with well over 10,000 other documents), the allegations upon which Plaintiff relies in his Affidavit surfaced for the very first time in Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Under the Local Rules, Defendants had a very limited period of time in which to review the substantial record and prepare their Reply. Under these circumstances, Plaintiff's misrepresentations should not be ignored simply because these documents were technically available but inadvertently excluded from Defendants' Reply.

2

Buvermo. As with his townhouse, Plaintiff cannot establish the element of detrimental reliance with respect to his investment activities.

Simply put, Plaintiff did not, as he alleges in his affidavit, sell his townhouse in Florida nor did he abandon real estate prospects there after accepting employment with Buvermo. Similarly, Plaintiff did not move to the District of Columbia in reliance upon his offer of employment with Buvermo; indeed, it is undisputed that he owned and maintained a home in the District long before he accepted employment with Buvermo and has been continuously domiciled in Florida since 2004. As set forth in Defendants' Motion for Reconsideration, Morris's voluntary election to upgrade his living arrangements in the District of Columbia after accepting employment with Buvermo is insufficient as a matter of law to support a theory of equitable estoppel. See e.g. Easter v. Kass-Berger, Inc., 121 A.2d 868 (D.C. App.) (1956). As such, Defendants respectfully request that the Court grant their Motion for Reconsideration and enter summary judgment on their behalf as to Plaintiff's breach of contract and related claims and dismiss the Amended Complaint with prejudice.

        Respectfully submitted,

        SMITH, LEASE & GOLDSTEIN, LLC

    By: /s/ Marc J. Smith
       Marc J. Smith
       D.C. Bar No. 460255
       11 North Washington Street
       Suite 520
       Rockville, Maryland 20850
       Phone: (301) 838-8950

       Counsel for Defendants