IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN H. MORRIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. |
| | : | 1:06-CV-01131 (HHK) |
| BUVERMO PROPERTIES, INC., et. al., | : | Next Event: Status Conference |
| | : | April 4, 2008 at 10:00 a.m. |
| Defendants. | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE AND MOTION TO QUASH**

Defendants Buvermo Properties, Inc., Fidelio Properties, F.P. Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., and Fidelio Properties Management, Inc., hereby file their Opposition to Plaintiff's Motion for Leave to Continue Deposition of Defendants' Designee and to take Three Non-Party Depositions and Motion to Quash.

1. In the Motion before the Court, Plaintiff seeks leave to continue the deposition of Defendants' designee and to conduct three (3) non-party depositions.

2. The discovery period in this case expired on December 8, 2006 -- nearly one (1) year ago. During discovery, Plaintiff took a total of seven (7) depositions (two (2) more than allowed under the Court's Scheduling Order). Plaintiff deposed Defendants' designee, John Gardner, on October 26, 2006. Mr. Gardner's deposition lasted a full day and the transcript is nearly 400 pages in length.

3. During the discovery period in this case, Plaintiff made no effort to depose SJM Partners, Inc., JBG Companies or Landmark Gateway, LLC, the three (3) non-parties identified in Plaintiff's Motion. However, Plaintiff did issue subpoenas to and obtained voluminous documentation from SJM Partners, Inc. and JBG Companies prior to the expiration of discovery.

4. Despite the fact that he has not been granted leave to take these depositions outside of the discovery period, Plaintiff has already issued subpoenas to at least two of the entities identified in paragraph 3 to appear on December 10, 2007 for a records deposition.

5. The Joint Motion to Stay Expert-Related Discovery filed by the parties on November 8, 2006 does not represent acquiescence on Defendants' part to extend discovery for all purposes, as Plaintiff seems to argue in the Motion before the Court. The Joint Motion was filed to avoid the expense of preparing Rule 26(a)(2) statements prior to the Court's ruling on Defendants' Motion for Summary Judgment. If Plaintiff believed that it was appropriate to depose these non-party witnesses, he had sufficient time to do so between the filing of the Joint Motion on November 8, 2006 and the expiration of discovery one (1) month later on December 8, 2006.

6. Following the Court's ruling with respect to Defendants' Motion for Summary Judgment, Defendants have supplemented their previous discovery responses in accordance with Rule 26. To date, Defendants have produced nearly 400 additional documents concerning the status of the investments at issue in this case. Defendants are in the process of producing additional documents that will bring Plaintiff fully up to date on the status of the investments at issue. Accordingly, in addition to the fact that discovery has long since expired, there is simply no need for the expansive and expensive additional discovery proposed by Plaintiff in the Motion before the Court.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion be DENIED in its entirety and that the subpoenas issued to SJM Partners, Inc., JBG Companies and/or Landmark Gateway, LLC be quashed.

        Respectfully submitted,

        SMITH, LEASE & GOLDSTEIN, LLC

By:   /s/ Marc J. Smith
       Marc J. Smith
       D.C. Bar No. 460255
       11 North Washington Street
       Suite 520
       Rockville, Maryland 20850
       Phone: (301) 838-8950

       Counsel for Defendants