IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN H. MORRIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No.: 1:06CV01131 (HHK) (DAR) |
| : | Next Event: Status Conference |
| **BUVERMO PROPERTIES, INC., et al.,** : | April 4, 2008 at 10:00 a.m. |
| : | |
| **Defendants.** : | |

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO CONTINUE DEPOSITION OF DEFENDANTS' DESIGNEE AND TO TAKE THREE NON-PARTY DEPOSITIONS AND OPPOSITION TO MOTION TO QUASH SUBPOENAS

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits his reply in support of his motion for leave to continue the deposition of defendants' Rule 30(b)(6) designee and to take three additional non-party depositions, and states as follows:

1.  The discovery that plaintiff is now attempting to complete concerns the value of his interests in several of defendants' real property investments. Plaintiff initiated this discovery prior to the December 8 discovery deadline, but <u>at defendants' request</u>, agreed to suspend all such discovery pending the Court's ruling on defendants' summary judgment motion. The parties then jointly filed a motion seeking a stay of all such discovery pending the Court's ruling. That motion clearly articulated plaintiff's intention to conduct additional discovery, including depositions.[1] Thus, the joint motion was filed for the specific purpose of postponing this discovery until after the discovery deadline. On November 14, 2006, this Court granted the joint motion and, in so doing, extended the time (beyond the discovery deadline) for plaintiff to

---

[1] As the joint motion makes abundantly clear, the parties' request was not limited to seeking an extension of the dates for exchanging expert reports, as defendants now suggest. Rather, the motion sought an extension of time for the parties to complete all "expert-related discovery," which includes discovery aimed at "determining the value of plaintiff's alleged interest in the real estate projects at issue." <u>See</u> Joint Motion To Stay Expert-Related Discovery at ¶ 3.

"complete expert-related discovery and submit an expert report." See Exhibit 1. Therefore, defendants can hardly rely on the discovery deadline as a basis for disallowing plaintiff's discovery.

2.  As plaintiff made clear in his motion, the additional discovery he now seeks is limited in scope and is necessary in light of the considerable change in the status of the investments that has occurred since discovery closed on December 8, 2006. Although plaintiff's preference is to avoid burdening non-parties, it has become abundantly clear that much of the information concerning the status of the investments at issue is in the hands of these third-party entities that oversee and manage the investments. Indeed, when plaintiff previously issued records subpoenas to some of these third-parties, he was provided with countless records that defendant had either failed to produce or did not have.

3.  Finally, defendants' motion to quash plaintiff's recently-issued records subpoenas to SJM Partners, Inc. and Landmark Gateway L.L.C. is baseless.[2] In yet another joint motion filed on October 24, 2007, plaintiff's intention to issue these subpoenas was fully disclosed:

> Moreover, to properly value plaintiff's alleged interests in other real estate projects, up-to-date information must be obtained from third parties. After reviewing the supplemental discovery that defendants recently produced, plaintiff intends to subpoena said third parties to obtain this additional information.

See Joint Motion To Extend Deadlines for Completing Expert Discovery. On October 25, 2007, the Court issued its order granting this motion and further extending the time for plaintiff to complete expert-related discovery and to submit an expert report. See Exhibit 2. Thus, it can hardly be said that these subpoenas were improperly issued.

---

[2] Although defendants also request that the subpoena issued to JBG Companies be quashed, no such subpoena has yet been issued.

WHEREFORE, the plaintiff respectfully requests that his motion for leave to continue the deposition of defendants' Rule 30(b)(6) designee and to take three additional non-party depositions be granted, and that defendants' motion to quash be denied.

Respectfully submitted,

By:   /s/ Ziad Haddad_____
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
Tobin, O'Connor & Ewing
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C.  20015
Tel:  (202) 362-5900
Fax:  (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

**REQUEST FOR HEARING**

Plaintiff respectfully requests a hearing on defendants' motion to quash.

**CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on November 30, 2007, a true and correct copy of the foregoing was served via the Court's electronic filing system on the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850

/s/ Ziad Haddad_____
Ziad Haddad

3