UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. MORRIS<br><br>    Plaintiff,<br><br>    v.<br><br>BUVERMO PROPERTIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 06-1131 (HHK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court is Plaintiff's Motion for Leave to Continue Deposition of Defendants' Designee and to Take Three Non-Party Depositions [45], Defendants' Opposition to Plaintiff's Motion for Leave and Motion to Quash [46], and Plaintiff's Reply [47]. Also pending is Landmark Gateway L.L.C.'s Objection to the subpoena served on it by Plaintiff [48].

**I.   Background**

This case involves several contract and tort claims that stem from Plaintiff's employment as President and CEO of Defendant Buvermo Properties, Inc. from June 2005 until March 2006 and a compensation agreement that was executed by the parties incident to his employment. (First Am. Compl. ¶¶ 18, 23, 32.) Plaintiff seeks damages and a declaratory judgment stating that Plaintiff is entitled to a percentage of cash receipts from two investment properties and the

---

[1] The case was referred to the undersigned Magistrate Judge for resolution of Plaintiff's Motion for Leave to Continue Deposition of Defendants' Designee and to Take Three Non-Party Depositions [45] as well as all further motions related to discovery or discovery-related disputes, pursuant to Local Civil Rule 72.2(a). (*See* "Order of Referral to United States Magistrate Judge" [39] dated 12/6/07.)

option of investing his own equity in two future investment projects. (*Id*. ¶¶ 61-65.)

Fact discovery closed on December 8, 2006. (Scheduling Order [10] dated 8/9/06 (adopting deadlines set forth in the parties' proposed scheduling order).) On November 8, 2006, the parties jointly moved the Court to stay expert-related discovery pending the Court's ruling on Defendants' Motion for Summary Judgment. (Joint Mot. [22].) By Minute Order dated November 14, 2006, United States District Judge Henry H. Kennedy granted the parties' joint motion and ordered: "Plaintiff shall complete expert-related discovery and submit an expert report within forty-five (45) days of this court's ruling on defendants' summary judgment motion. Defendants shall designate an expert, complete expert-related discovery, and submit an expert report within forty-five (45) days thereafter." On September 24, 2007, Judge Kennedy issued a Memorandum Opinion granting in part and denying in part Defendants' Motion for Summary Judgment. (Mem. Op. [39].) On October 24, 2007, the parties filed a Joint Motion to extend the expert discovery deadlines. (Joint Mot. [44].) Judge Kennedy granted this motion and set January 18, 2008 as the deadline for Plaintiff to complete expert-related discovery and March 18, 2005 as the deadline for Defendants to complete expert-related discovery. (Minute Order dated 10/25/07.)

Plaintiff now moves the Court to allow him to take a second deposition of Defendants' expert designee. (Pl.'s Mot. [45] ¶ 4.) As grounds for this request, Plaintiff asserts that he "is in need of continuing the deposition of defendants' designee in order to obtain information on the status of the investments at issue in this case, and to value his alleged interest in those investments." (*Id*.) Although Plaintiff deposed Defendants' expert designee in October 2006, Plaintiff argues a second deposition is necessary because "there has been considerable change in

the status of the investments since that time." (*Id*. ¶ 5) Defendants oppose this request because Plaintiff already had one opportunity to depose their expert designee. (Def.'s Opp'n [46] ¶ 2.)

Plaintiff also moves the Court for permission to take depositions of three non-parties - SJM Partners, Inc., JBG Companies, and Landmark Gateway, L.L.C. - asserting that they "have considerable knowledge of the status of those investments and of other facts relevant to the value of the investments. (Pl.'s Mot. ¶ 7.) Plaintiff issued subpoenas to SJM Partners, Inc. and Landmark Gateway, L.L.C. (Pl.'s Reply [47] ¶ 3.) Defendant moves to quash these two subpoenas and points out that Plaintiff "obtained voluminous documentation from SJM Partners, Inc. and JBG Companies prior to the expiration of discovery." (Def.'s Opp'n ¶ 3.) Landmark Gateway, L.L.C. has also moved to quash the subpoena served upon it by Plaintiff because "all relevant information relating to the documentation at issue has already been provided to plaintiff by defendant, and thus the subpoena is unnecessarily duplicative." (Landmark's Objection [48] at 1.)

**II.**   **Discussion**

   A.   *Plaintiff's Motion to Redepose Defendants' Expert Designee*

In general, a party may depose any person without leave of court. FED. R. CIV. P. 30(a)(1). However, if "the deponent has already been deposed in the case," the party must obtain leave of court before conducting the deposition. FED. R. CIV. P. 30(a)(2)(A)(ii). Rule 30 provides that "the court must grant leave to the extent consistent with Rule 26(b)(2). FED. R. CIV. P. 30(a)(2). The guiding factors in this inquiry are whether

(i) the discovery sought is unreasonably cumulative or duplicative, or can be

3

> obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2). The burden of the proposed discovery is negligible if the scope of inquiry in the second deposition is limited to topics that could not have been addressed in the first deposition. *Alexander v. F.B.I.*, 186 F.R.D. 128, 134 (D.D.C. 1998). *See also Judicial Watch, Inc. v. Dep't of Commerce*, 34 F.Supp.2d 47, 54 (D.D.C. 1998) (finding that any "burden imposed on the deponents will not outweigh the benefits of the new testimony" because, *inter alia*, the redepositions would be of limited scope).

Plaintiff deposed Defendants' expert designee, John Gardner, on October 26, 2006. (Def.'s Opp'n ¶ 2.) Plaintiff contends, however, that redeposition of Mr. Gardner in necessary because the purpose of that deposition was for Mr. Gardner to provide information about the status of the investments at issue in this case and "there has been considerable change in the status of the investments" since he was deposed in October 2006. (Pl.'s Mot. ¶ 5.) Defendants' sole objection to allowing Plaintiff to depose Mr. Gardner is that he already spent one full day providing testimony. (Def.'s Opp'n ¶ 2.)

The Court finds that granting Plaintiff's Motion to redepose Defendants' expert designee is consistent with the principles set forth in Rule 26. First, the discovery sought is not "unreasonably cumulative or duplicative," FED. R. CIV. P. 26(b)(2)(i), because, as Plaintiff states, "[t]he deposition of defendants' designee will be limited to questioning on the status of those

investments [since October 2006] and to determining facts relevant to a valuation of plaintiff's alleged interest in those investments," (Pl.'s Mot. ¶ 6). Second, Plaintiff has not "had ample opportunity to obtain the information by discovery in the action." FED. R. CIV. P. 26(b)(2)(ii), because this deposition seeks to discover information about the change in status of the investments since Mr. Gardner's first deposition, (Pl.'s Mot. ¶ 5.) Finally, the burden of the proposed discovery does not outweigh the likely benefits because the discovery is limited in scope and concerns issues that could not have been addressed during Mr. Gardner's first deposition. In light of these factors, and because expert-related discovery is ongoing, the Court will permit Plaintiff to redepose Defendants' expert designee.

      B.    *Plaintiff's Motion to Take Three Non-Party Depositions*

By seeking to depose three non-party witnesses over a year after fact discovery has closed, Plaintiff is essentially asking this Court to reopen fact discovery. The decision to "reopen discovery is committed to the sound discretion of the" court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Relevant factors that a court may consider in reviewing a motion to reopen discovery are:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence.

*Childers v. State*, 197 F.R.D. 185, 188 (D.D.C. 2000).

Defendants oppose Plaintiff's request to depose SJM Partners, Inc., JBG Companies, and

Landmark Gateway L.L.C. and move to quash the subpoenas Plaintiff served on SJM Partners, Inc. and Landmark Gateway L.L.C., arguing that "[d]uring the discovery period in this case, Plaintiff made no effort to depose" these entities. (Def.'s Opp'n ¶ 3.) As further grounds for its opposition, Defendants note that "Plaintiff did issue subpoenas to and obtained voluminous documentation from SJM Partners, Inc. and JBG Companies." (*Id.*) Plaintiff argues that these entities possess relevant information, but fails to demonstrate that it could not have obtained this information while fact discovery was open. In light of these considerations and the factors set forth in *Childers*, the Court will deny Plaintiff's request, quash the two existing subpoenas, and bar Plaintiff from issuing a subpoena to JBG Companies.

### III. Conclusion

For the foregoing reasons, it is this  27th  day of December, 2007, hereby

**ORDERED** that Plaintiff's Motion is **granted** with respect to the deposition of Defendants' expert designee. The Court grants Plaintiff leave to redepose John Gardner about the status of investments since October 2006 and facts relevant to Plaintiff's alleged interests in those investments; and it is further

**ORDERED** that Plaintiff's Motion is **denied** with respect to the depositions of SJM Partners, Inc., JBG Companies, and Landmark Gateway, L.L.C.; and it is further

**ORDERED** that Defendants' Motion to Quash the subpoenas Plaintiff issued to SJM Partners, Inc. and Landmark Gateway L.L.C. is **granted**. Plaintiff is prohibited from serving a similar subpoena on JBG Companies; and it is further

**ORDERED** that in light of this Court's decision to grant Defendants' Motion to Quash,

the Objection of Landmark Gateway LLC to Subpoena will be **denied as moot**.

                                                 /s/
                                    ALAN KAY
                                    UNITED STATES MAGISTRATE JUDGE