IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN H. MORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:06CV01131 (HHK) (AK) |
| | : | Next Event: Status Conference |
| BUVERMO PROPERTIES, INC., et al., | : | April 4, 2008 at 10:00 a.m. |
| | : | |
| Defendants. | : | |

**OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO CONTINUE PLAINTIFF'S DEPOSITION**

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits his opposition to Defendant's Motion for Leave To Continue Plaintiff's Deposition ("Motion"), and states as follows:

1. This case involves plaintiff's claims arising from the termination of his employment with Buvermo Properties, Inc. ("Buvermo") and the defendants' refusal to recognize plaintiff's interests in various real estate investments made by Fidelio Properties ("Fidelio"), either directly or through an affiliated entity.

2. Among other things, plaintiff has alleged that Buvermo agreed to employ him as its President for a term of ten years, and seeks damages for Buvermo's wrongful breach of that agreement. See, e.g., Complaint filed on June 22, 2006 at ¶¶ 16, 41-44.

3. Throughout this litigation, defendants have taken the position that this claim is barred by the Statute of Frauds because there is no written agreement to employ him for ten years. See Answer to Complaint filed on July 17, 2007 at 10. Indeed, on January 5, 2007, defendants filed a motion for summary judgment, arguing that this claim was barred by the Statute of Frauds.

4. In opposing defendants' summary judgment motion, plaintiff argued that the doctrine of equitable estoppel precludes defendants from asserting the Statute of Frauds as a defense. Pursuant to the doctrine of equitable estoppel, defendants' oral agreement to employ plaintiff for period of ten years is barred by the Statute of Frauds if plaintiff detrimentally relied on defendant's promise of long-term employment. See Tidewater Beverage Services, Inc. v. Coca Cola Co., Inc., 907 F. Supp. 943, 946 (E.D. Va. 1995) ("Virginia has long recognized that the doctrine of equitable estoppel may preclude a statute of frauds defense."); Meriweather Mowing Service, Inc. v. St. Anne's-Belfield Inc., 2000 WL 33259936 (Va. Cir. Ct. 2000) (oral agreement to employ plaintiff for period of three years not barred by statute of frauds where plaintiff detrimentally relied on promise); Interdonato v. Interdonato, 521 A.2d 1124 (D.C. 1987) ("a plaintiff's 'change of position induced by the [defendant's] parol promise would estop the latter from setting up the statute of frauds.'").

5. On September 24, 2007, this Court denied defendants' summary judgment motion on plaintiff's claim for breach of his employment contract. Among other things, the Court concluded that "there are disputed material facts regarding whether defendants promised to employ [plaintiff] for ten years, whether [plaintiff] relied on such a representation to his detriment, and if he did rely on such a representation, whether such reliance was reasonable." Memorandum Opinion dated September 24, 2007 at 9.

6. On October 2, 2007, defendants moved for reconsideration of the Court's denial of their summary judgment motion, submitting evidence they claim establishes that plaintiff did not rely on Buvermo's promise of long-term employment. See Defendants' Motion for Reconsideration filed on October 2, 2007. As pointed out in plaintiff's opposition, however, all of the evidence submitted by defendants in support of their Motion for Reconsideration – which

defendants now attach to the instant Motion – was disclosed prior to the close of discovery and, in any event, this evidence did not contradict the allegations made in plaintiff's Affidavit.  See Memorandum of Points and Authorities in Opposition to Defendants' Motion for Reconsideration filed on October 11, 2007.

7. On October 22, 2007, the Court denied defendants' Motion for Reconsideration.

8. Shortly thereafter, in November 2007, plaintiff's counsel asked whether defendants would be willing to submit to a continuation of their deposition for the limited purpose of obtaining information on the current status of the various investments in which plaintiff claims an interest.  Defendants flatly rejected plaintiff's request on the grounds that the discovery deadline already had passed.

9. On November 26, 2007, plaintiff filed a motion seeking leave to continue the deposition of defendants' designee, and to take the deposition of three non-party witnesses.  See Plaintiff's Motion for Leave filed on November 26, 2007.  As stated in the motion, plaintiff only intended to question these deponents, including defendants' designee, on the current status of the investments, which for obvious reasons could not have been determined prior to the December 8, 2006 discovery cut-off.  Id. at ¶¶ 4-7.

10. On November 29, 2007, defendants filed their opposition, arguing that the discovery cut-off had already passed and that plaintiff should have conducted the requested deposition prior to the discovery cut-off.  See Defendants' Opposition to Plaintiff's Motion for Leave and Motion To Quash filed November 29, 2007.

11. On December 27, 2007, Magistrate Judge Alan Kay granted plaintiff leave to continue the deposition of defendants' designee because the deposition would be limited to questioning on matters that could not have been addressed during defendants' earlier deposition.

See Memorandum Order dated December 27, 2007 at 4-5. Judge Kay then denied plaintiff's request to depose the three non-party witnesses because plaintiff "fail[ed] to demonstrate that [he] could not have obtained this information while fact discovery was open." Id. at 6.

12. In early January 2008, defendants expressed for the first time their desire to continue plaintiff's deposition in order to question him on "(1) his employment since his departure [from Buvermo]; and (2) the disposition/acquisition of properties leading up to and following his departure from Buvermo." See Exhibit 1.

13. Consistent with Judge Kay's Order, plaintiff agreed to submit to a second deposition, but only as to matters that defendants could not have discovered prior to the discovery cut-off date.[1] See Exhibit 2. Apparently unwilling to abide by the very same rules they sought to impose on plaintiff, and which this Court did impose on plaintiff, defendants filed the instant Motion.

14. In their Motion, defendants ask for a second opportunity to conduct discovery which they could have and should have done prior to the December 8, 2006 discovery cut-off.

15. Although plaintiff's affidavit to which defendants refer in their Motion was not submitted until after the close of discovery, all of the facts and events identified therein occurred long before the discovery cut-off date, and thus, could have and should have been discovered by defendants prior to the discovery deadline.

16. Indeed, prior to the close of discovery in this case, defendants were afforded ample opportunity to discover the extent of plaintiff's reliance on Buvermo's promise of long-term employment. Defendants served plaintiff with interrogatories and discovery requests to

---

[1] Plaintiff agreed to do so despite the fact that this information is of limited relevance given defendants' failure to plead mitigation of damages as an affirmative defense as required by Rule 8(c) of the Federal Rules of Civil Procedure, and thus, waived this defense. See Lennon v. United States Theatre Corp., 920 F.2d 996, 1000 (D.C. Cir. 1990) ("[F]ailure to mitigate damages is an affirmative defense under Rule 8(c).").

which plaintiff fully responded. Apparently failing to anticipate that plaintiff would claim detrimental reliance on Buvermo's promise of long-term employment, defendants elected not to devote a single interrogatory or document request to discover the nature and extent of plaintiff's reliance.

17. Defendants also were afforded the opportunity to question plaintiff regarding the nature and extent of his reliance on Buvermo's promise of long-term employment during his lengthy deposition on October 12, 2006, which commenced at 9:31 a.m. and did not conclude until 6:40 p.m. The transcript of plaintiff's deposition exceeds 330 pages. Again, for whatever reason, they elected not to do so.

18. Finally, defendants' claim that they now have a "need" to continue plaintiff's deposition is belied by their failure ever to express any such need until <u>after</u> this Court issued its December 27, 2007 Order, compelling them to submit to a second deposition on the limited issue of the status of various investments since the close of discovery. Indeed prior to that point, and for roughly one year after plaintiff submitted his Affidavit, defendants did not even suggest any interest in continuing plaintiff's deposition.

19. In light of Judge Kay's December 27, 2007 Order and defendants' failure to establish that the information concerning plaintiff's reliance on Buvermo's promise of long-term employment could not have been obtained prior to the discovery cut-off date, defendants should not be permitted to question plaintiff on these matters. Rather, should this Court grant defendants' request to continue plaintiff's deposition, the deposition should be limited to questioning regarding facts and events occurring after the close of discovery, and defendants should be required to take the deposition in Florida or telephonically to avoid undue burden and expense to plaintiff.

WHEREFORE, the plaintiff respectfully requests that the Defendants' Motion for Leave To Continue Plaintiff's Deposition be denied.

                        Respectfully submitted,

By:   /s/ Ziad Haddad_____
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
Tobin, O'Connor & Ewing
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C. 20015
Tel: (202) 362-5900
Fax: (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

### REQUEST FOR HEARING

Plaintiff respectfully requests a hearing on this motion.

### CERTIFICATE OF SERVICE

I HERBY CERTIFY that on February 13, 2008, a true and correct copy of the foregoing was served via the Court's electronic filing system on the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD 20850

                        /s/ Ziad Haddad_____
                        Ziad Haddad