IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JONATHAN H. MORRIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. |
| | : | 1:06-CV-01131 (HHK)(AK) |
| BUVERMO PROPERTIES, INC., et. al., | : | Next Event:  Status Conference |
| | : | April 4, 2008 at 10:00 a.m. |
| Defendants. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO CONTINUE PLAINTIFF'S DEPOSITION**

Defendants Buvermo Properties, Inc., Fidelio Properties, Fidelio Properties II, LLC, F.P. Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., and Fidelio Properties Management, Inc., hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for Leave to Continue Plaintiff's Deposition.

**ARGUMENT**

In the Motion before the Court, Defendants seek leave to continue Plaintiff's deposition on two limited issues: (i) Plaintiff's efforts to mitigate his alleged damages following the close of discovery on December 8, 2006; and (ii) certain statements made in Plaintiff's affidavit filed after the close of discovery that purportedly evidence detrimental reliance on Defendants' alleged oral offer of 10 years of employment.  In his Opposition, Plaintiff argues this Motion should be denied principally because Defendants should have anticipated that Plaintiff would claim detrimental reliance to defeat Defendants' statute of frauds defense.[1]

---

[1] In a footnote, Plaintiff notes that he agreed to a second deposition but argues that the matters upon which he agreed to be re-deposed were of limited relevance because of Defendants' failure to plead mitigation of damages as an affirmative defense in their Answer.  In accordance with Rule 15(a), Defendants have filed a Motion to Amend their Answer to correct this oversight.

As set forth in Defendants' Motion, prior to the close of discovery, Defendants had no indication that Plaintiff would later make claims that were directly contrary to his pleadings, deposition testimony and information disclosed during discovery. Plaintiff's argument that Defendants should have anticipated his claim of detrimental reliance is, at its essence, an argument that Defendants should have anticipated Plaintiff's deception during discovery and planned accordingly. This argument is, of course, unreasonable on its face.[2]  If anything, Defendants had a right to rely on Plaintiff's pleadings, deposition testimony and other information produced during discovery to craft their interrogatories, document requests and deposition strategy. The Court should not sanction such duplicitous behavior by litigants and should afford Defendants on opportunity to continue Plaintiff's depositions on the issues previously noted.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court GRANT their Motion for Leave to Continue the Deposition of Plaintiff.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By:  /s/ Marc J. Smith
Marc J. Smith
D.C. Bar No. 460255
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950

Counsel for Defendants

---

[2] Notably, despite numerous opportunities to do so, the Plaintiff has failed to come forward with an affidavit explaining the blatant contradictions between his affidavit on one hand, and his pleadings, deposition testimony and information obtained during discovery, on the other.