UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. MORRIS<br><br>   Plaintiff,<br><br>   v.<br><br>BUVERMO PROPERTIES, INC., et al.,<br><br>   Defendants. | Civil Action No. 06-1131 (HHK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court is Defendants' Motion for Leave to Continue Plaintiff's Deposition [54], Plaintiff's Opposition [55], and Defendants' Reply [57]. For the reasons set forth below, Defendants' Motion is denied.

**I.    Background**

This case involves several contract and tort claims that stem from Plaintiff's employment as President and CEO of Defendant Buvermo Properties, Inc. from June 2005 until March 2006 and a compensation agreement that was executed by the parties incident to his employment. (Second Am. Compl. [52] ¶¶ 14, 19, 33.) Plaintiff seeks damages and a declaratory judgment stating that Plaintiff is entitled to a percentage of cash receipts from two investment properties and the option of investing his own equity in two future investment projects. (*Id*. ¶¶ 62-66.) In

---

[1] The case was referred to the undersigned Magistrate Judge for all motions related to discovery or discovery-related disputes, pursuant to Local Civil Rule 72.2(a). (*See* "Order of Referral to United States Magistrate Judge" [49] dated 12/6/07.)

their Answers to Plaintiff's Complaint and First Amended Complaint, Defendants asserted that Plaintiff's contract claims were barred by the Statute of Frauds. (*See, e.g.,* Ans. to First Am. Compl. at 11.)

Defendants deposed Plaintiff on October 12, 2006 (Def.'s Mot. [54] at 4), and fact discovery closed on December 8, 2006 (Scheduling Order [10] dated 8/9/06 (adopting deadlines set forth in the parties' proposed scheduling order).). On January 5, 2007, Defendants filed a Motion for Summary Judgment. (*See* [28].) Along with his Opposition to Defendants' Motion, Plaintiff filed an affidavit in which he alleged that he took certain actions in reliance on an alleged oral employment agreement with Defendants. (Def.'s Mot. at 2.) This claim supported Plaintiff's theory that the doctrine of equitable estoppel precluded Defendants' Statute of Frauds defense. (*Id.*) Defendants now move this Court to allow them to re-depose Plaintiff regarding the facts contained in his affidavit.

**II.   Discussion**

In general, a party may depose any person without leave of court. FED. R. CIV. P. 30(a)(1). However, if "the deponent has already been deposed in the case," the party must obtain leave of court before conducting the deposition. FED. R. CIV. P. 30(a)(2)(A)(ii). Rule 30 provides that "the court must grant leave to the extent consistent with Rule 26(b)(2). FED. R. CIV. P. 30(a)(2). The guiding factors in this inquiry are whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2). The burden of the proposed discovery is negligible if the scope of inquiry in the second deposition is limited to topics that could not have been addressed in the first deposition. *Alexander v. F.B.I.*, 186 F.R.D. 128, 134 (D.D.C. 1998). *See also Judicial Watch, Inc. v. Dep't of Commerce*, 34 F.Supp.2d 47, 54 (D.D.C. 1998) (finding that any "burden imposed on the deponents will not outweigh the benefits of the new testimony" because, *inter alia*, the redepositions would be of limited scope).

Defendants deposed Plaintiff on October 12, 2006. (Def.'s Mot. [54] at 4.) They contend that they are entitled to re-depose Plaintiff regarding two issues: (1) Plaintiff's efforts to mitigate damages by obtaining suitable employment; and (2) allegations contained in Plaintiff's February 7, 2007 affidavit. (*Id*. at 2.) Plaintiff consents to being re-deposed on the former issue but not on the latter. (*Id*.) Defendants assert that they need to depose Plaintiff regarding his affidavit because the statements made therein "are directly contrary to the allegations set forth in his Complaint, his deposition testimony and other evidence gathered during discovery." (*Id*. at 2-3.) Defendants further assert that, prior to February 2007, they "had no indication that Plaintiff intended to raise the issue of equitable estoppel or would make the claims set forth in his affidavit." (*Id*. at 3.) Referencing Defendants' Answer, Plaintiff responds that the Defendants have consistently taken the position that his contract claim is barred by the Statute of Frauds and therefore could have anticipated that Plaintiff would raise the issue of equitable estoppel. (Pl.'s Opp'n at 1.)

The Court finds that granting Defendants' Motion to re-depose Plaintiff would be inconsistent with the principles set forth in Rule 30(a)(2). First, Defendants could have anticipated that Plaintiff would raise the doctrine of equitable estoppel in response to their Statute of Frauds Defense. Defendants first asserted this defense in their Answer to Plaintiff's Complaint on July 17, 2006, three months before Plaintiff's deposition. Second, even if Defendants could not have reasonably anticipated that Plaintiff would raise the doctrine of equitable estoppel, Defendants waited approximately one year from the time Plaintiff submitted his affidavit before they filed the instant motion. Accordingly, the Court concludes that the burden of the proposed discovery outweighs its likely benefit in light of the delay in bringing this Motion and the fact that Defendants had an ample opportunity to obtain discovery on this subject in the past. Additionally, the Court notes that nothing precludes Defendants from cross-examining Plaintiff at trial regarding alleged inconsistencies between his deposition testimony and statements in his affidavit.

**III.    Conclusion**

For the foregoing reasons, it is this  21st   day of February, 2008, hereby

**ORDERED** that Defendants' Motion for Leave to Continue Plaintiff's Deposition is **denied**.[2]

    /s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[2] Nothing in this Order should be construed as preventing Defendants from re-deposing Plaintiff regarding his efforts to mitigate damages in light of Plaintiff's consent to be re-deposed on this issue.