# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JONATHAN H. MORRIS,       :
                  :
     **Plaintiff,**       :
                  :
   **v.**                 :     **Case No.:  1:06CV01131 (HHK)**
                  :     **Next Event:  Status Conference**
**BUVERMO PROPERTIES, INC., et al.,**  :        **April 4, 2008 at 10:00 a.m.**
                  :
    **Defendants.**     :

### OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
### TO FILE AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits his opposition to Defendants' Motion for Leave To File Amended Answer To Second Amended Complaint ("Motion"), and states as follows:

1.     This case involves plaintiff's claims arising from the wrongful termination of his employment with Buvermo Properties, Inc. ("Buvermo") and the defendants' refusal to recognize plaintiff's interests in various real estate investments made by Fidelio Properties ("Fidelio"), either directly or through an affiliated entity.

2.     Plaintiff filed his initial complaint on June 22, 2006, in which he alleged, among other things, that Buvermo agreed to employ him as its President for a term of ten years and sought damages for Buvermo's wrongful breach of that agreement.  See Complaint filed on June 22, 2006 at ¶¶ 16, 41-44.

3.     In their Answer to plaintiff's initial complaint, defendants failed to identify mitigation of damages as an affirmative defense.  See Answer filed on July 17, 2006 at 10-11.

4.     On July 28, 2006, the parties filed their Joint Meet and Confer Statement pursuant to Local Rule 16.3.  In that filing, under the heading "Defendants' Statement of the Case and

Basis for Defenses," defendants again failed to identify mitigation of damages as a defense to any of plaintiff's claims.  <u>See</u> Joint Meet and Confer Statement filed on July 28, 2006 at 3.

5.    On August 31, 2006, plaintiff requested leave to file his First Amended Complaint, which also alleged that Buvermo agreed to employ him as its President for a term of ten years, and sought damages for Buvermo's wrongful breach of that agreement.  <u>See</u> First Amended Complaint filed August 31, 2006 at ¶¶ 16, 43-46.

6.    Defendants unsuccessfully opposed plaintiff's motion for leave, even though the motion was filed prior to the September 8, 2006 deadline for amendments of pleadings.  <u>See</u> Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint filed on September 11, 2006.  On October 6, 2006, the Court granted plaintiff's motion and the First Amended Complaint was deemed filed as of that date.

7.    Defendants did not file their Answer to the First Amended Complaint until February 15, 2007.  As with their initial Answer and the Joint Meet and Confer Statement, defendants failed to identify mitigation of damages as an affirmative defense.  <u>See</u> Answer filed on February 15, 2006 at 11-12.

8.    On January 25, 2008, with defendants' consent, plaintiff moved for leave to file his Second Amended Complaint.  <u>See</u> Plaintiff's Consent Motion for Leave To File Second Amended Complaint.  The filing of the Second Amended Complaint became necessary by defendants' recent disclosure to plaintiff – made long after the deadlines for amendments to pleadings, discovery and dispositive motions had expired – that they had established a new entity, Fidelio II, through which investments in the various real estate projects in which plaintiff claims an interest are made.  <u>See id.</u> at ¶ 2.  The addition of Fidelio II did not require the reopening of discovery or otherwise result in any prejudice to defendants.  <u>See id.</u> at ¶ 4.

9.    On January 29, 2008, defendants filed their Answer to the Second Amended Complaint.  Defendants again failed to identify mitigation of damages as an affirmative defense.  See Answer filed on January 29, 2008 at 12.

10.    On February 15, 2008, long after the expiration of the deadlines to amend pleadings (September 9, 2006), to complete discovery (December 8, 2006) and to file dispositive motions (January 8, 2007), defendants filed the instant Motion, which seeks leave to amend defendants' answer to add mitigation of damages as an affirmative defense.

11.    Most federal courts, including the District of Columbia Circuit, regard the failure to mitigate as an affirmative defense under Fed. R. Civ. P. 8(c)'s catchall clause which provides for "any other matter constituting an avoidance or affirmative defense."  Lennon v. United States Theatre Corp., 920 F.2d 996, 1000 (D.C. Cir. 1990) ("[F]ailure to mitigate damages is an affirmative defense under Rule 8(c)."); Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc., 513 F.2d 407, 420 n. 92 (D.C. Cir. 1975) ("[M]itigation of damages is 'other matter constituting an avoidance or affirmative defense,' and as such is to be affirmatively pleaded, . . . and failure to plead an affirmative defense generally waives the defense.") (quoting Fed. R. Civ. P. 8(c)); see also Sayre v. Musicland Group, Inc., 850 F.2d 350, 354 (8th Cir. 1988); NLRB v. Pilot Freight Carriers, Inc., 604 F.2d 375, 376 (5th Cir. 1979).

12.    It also is well settled that the "failure to plead an affirmative defense generally waives the defense."  Camalier & Buckley-Madison, Inc., 513 F.2d at 420 n. 92; Sayre, 850 F.2d at 354 (8th Cir.1988) ("[F]ailure to plead [lack of] mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case.")  Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000) (failure to mitigate damages was

affirmative defense, not rule of damages, that vessel owner waived by failing to plead in seaman's slip and fall action.).

13.     In this case, defendants should be deemed to have waived their right to assert mitigation as an affirmative defense because they have presented no explanation for their failure to timely assert the defense, and plaintiff will be severely prejudiced if they are granted leave to assert the defense at this late stage in the litigation.

14.     First, there is no merit to defendants' argument that, pursuant to Rule 15(a)(1), their Answer to the Second Amended Complaint may be amended "as a matter of course" to include mitigation as an affirmative defense.  Indeed, the D.C. Circuit has held that Rule 15(a) "permits easy amendment in a situation where no significant developments in the case have occurred and where little time has passed."  Harris v. Secretary, U.S. Dept. of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997).  As previously set forth, this clearly is not the case here.[1]

15.     Although this Court has discretion to grant defendants leave to amend "when justice so requires," the Court should decline to do so under the circumstances present here. First, apart from claiming that they "inadvertently failed to include [the] affirmative defense" in their initial answer, defendants fail to provide any explanation for their delay of approximately one and one-half years from the filing of their initial Answer to assert the defense.  Notably, defendants do not argue that they recently became aware of the viability of the defense by virtue of some recently disclosed facts or evidence.  To the contrary, defendants concede that, as early as plaintiff's October 2006 deposition, they had every intention of raising the defense.  Yet, defendants still waited well over a year to make their intention known as required by Rule 8(c).

---

[1]   In the event the Court agrees that Rule 15(a)(1) permits defendants to add an affirmative defense at this late stage in the litigation without requesting leave to do so, plaintiff respectfully requests that the Court strike this amendment for the reasons stated herein.

16.    Moreover, defendants' contention that plaintiff would suffer no prejudice by their untimely assertion of the mitigation defense is baseless.  Discovery in this case closed on December 8, 2006, more than a year before defendants disclosed their intention to assert the defense.  Because defendants failed to timely disclose their mitigation defense, plaintiff was not afforded the opportunity to discover any facts or obtain any records from defendants or third parties to enable him to assess and respond to their mitigation defense, on which they (not plaintiff) bear the burden of proof.[2]  See Gioielli v. Medical Society Services, Inc., 1985 WL 6446 at *1 (D.D.C. 1985) (quoting Washington Welfare Assoc. v. Poindexter, 479 A.2d 313, 317 (D.C. 1984)).  In addition, plaintiff's need to document his efforts to seek alternate employment would have been more apparent and consequential had defendants made it known that his efforts to do so (or alleged lack thereof) could impact his recovery of damages in this case.

17.    Defendants' suggestion that they provided adequate notice to plaintiff of their intention to assert the defense of mitigation by questioning him, without objection from plaintiff's counsel, regarding his efforts to seek employment since his termination is likewise specious.  First, it should be noted that, throughout this line of questioning, defense counsel never disclosed that his questioning was in some way related to a failure to mitigate defense.  See Exhibit 1 to Motion.  Second, it is not plaintiff's or his counsel's responsibility or obligation to speculate as to reasons or motive underlying defense counsel's decision to question plaintiff on his efforts to secure employment since his termination.  This is particularly true in light of Rule

---

[2]    See Knapp v. Whitaker, 757 F.2d 827 (7th Cir. 1985) (It was not an abuse of discretion to deny a motion to amend complaint when the amendment was sought over one year after suit was filed and after the parties had conducted the necessary discovery and the court had entered the final pretrial order, no reasonable explanation was offered for the delay and the inclusion of the claim would have forced defendants to reopen discovery; Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922 (1st Cir. 1983) (district court acted within its discretion in denying a motion to amend the complaint made after 17 months of discovery and after the court had set a discovery deadline and placed the case on the trial list with pretrial statements due by a specific date, at least when the addition of new claims would likely have required additional discovery and would have caused further delay).

8(c)'s requirement that the defendants disclose this affirmative defense in their responsive pleading.  Finally, the fact that plaintiff's counsel did not object to this line of questioning is of no import.  Indeed, Federal Rule of Civil Procedure 32(d)(3)(A) makes clear that a party does not waive his objections "to the competency, relevancy, or materiality of [trial deposition] testimony" by not objecting to questions during a deposition.  See Sayre, supra, 850 F.2d at 355 (rejecting assertion that the mitigation issue was tried by consent, and thus should be treated as if it had been raised in the pleadings, by plaintiff's counsel decision not to object to deposition questioning concerning other employment opportunities.).

18.    Finally, it bears mentioning that defendants previously have objected to plaintiff's prosecution of claims that he failed to raise in his Complaint, and this Court has ruled that plaintiff was foreclosed from prosecuting those claims in this action.    Indeed, in its Memorandum Opinion dated September 24, 2007, this Court held the following:

> Morris also contends that he is entitled to two-weeks' severance pay under Buvermo's employee manual.  As defendants correctly note, this claim is not made in Morris's complaint or in his interrogatory answers.  Thus, he is foreclosed from prosecuting any claim for severance pay in this action.

See Memorandum Opinion entered on September 24, 2007 at 13 n. 5.  Given that defendants' failure to assert their mitigation defense in any of their prior answers and disclosures, they too should be foreclosed from pursuing their mitigation defense in this action.

WHEREFORE, the plaintiff respectfully requests that the Defendants' Motion for Leave To File Amended Answer to Second Amended Complaint be denied.

Respectfully submitted,

By:    /s/ Ziad Haddad
       David C. Tobin, Esq., D.C. Bar # 395959
       Ziad P. Haddad, Esq., D.C. Bar #469470
       Tobin, O'Connor & Ewing
       5335 Wisconsin Avenue, N.W., Suite 700
       Washington, D.C.  20015
       Tel:  (202) 362-5900
       Fax:  (202) 362-5901
       *Attorneys for Plaintiff Jonathan Morris*

## REQUEST FOR HEARING

Plaintiff respectfully requests a hearing on this motion.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on February 26, 2008, a true and correct copy of the foregoing was served via the Court's electronic filing system on the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850

/s/ Ziad Haddad
Ziad Haddad