**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JONATHAN H. MORRIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. |
| | : | 1:06-CV-01131 (HHK)(AK) |
| BUVERMO PROPERTIES, INC., et. al., | : | Next Event:  Status Conference |
| | : | April 4, 2008 at 10:00 a.m. |
| Defendants. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE AMENDED ANSWER TO SECOND AMENDED COMPLAINT**

Defendants Buvermo Properties, Inc., Fidelio Properties, Fidelio Properties II, LLC, F.P.

Executive Partners, L.L.C., Janivo Realty, Inc., Donelux, Inc., Orvan, Inc., and Fidelio Properties

Management, Inc., hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for

Leave to file an Amended Answer to Plaintiff's Second Amended Complaint.

1.      This Court has, on numerous occasions, recognized that parties may amend their

pleadings *as a matter of right* under Rule 15(a) when, as here, the amendment is submitted

within 20 days after serving the initial pleading, a responsive pleading is not allowed and the

action is not yet on the trial calendar.  See Seretse-Khama v. Ashcroft, 215 F. Supp.2d 37, fn. 6

(D.D.C. 2002) ("[b]ecause this case was not on the Court's trial calendar, and because no

responsive pleading to the Opposition was permitted, under Rule 15(a) respondents had 20 days

to amend that [pleading] as a matter of course . . . in which case there would be no waiver of [the

omitted] defense."); Scott-Blanton v. Universal City Studios Productions, LLP, 244 F.R.D. 67,

68 (D.D.C. 2007) ("Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading

once as a matter of course at any time before a responsive pleading is served"); Howard v.

Gutierrez, 237 F.R.D. 310 (D.D.C. 2006) (noting that the plaintiff could amend her complaint "as of right" under Rule 15(a) because no responsive pleading had been filed).

2.    While Plaintiff challenges Defendants' right to file their Amended Answer under Rule 15(a), he cites no authority that would nullify the plain and unambiguous language in the Rule that allows the proposed amendment "as a matter of course."  In this regard, Plaintiff mischaracterizes the holding in Harris v. Secretary, U.S. Dep't. of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997), the only case cited in support of his theory that Rule 15(a) does not allow amendment as a matter of right.  In Harris, unlike this case, the defendant did not seek to amend its pleading under Rule 15(a); rather, it attempted to raise an affirmative defense for the first time in a dispositive motion.  Harris is therefore clearly distinguishable because the defendant in that case never sought relief under Rule 15(a).  Significantly, the court in Harris expressly acknowledged that Rule 15(a) "permits amendment of any pleading 'as a matter of course' before a response or within twenty days for a pleading to which no response is appropriate." Harris 126 F.3d at 367.  Harris only confirms Defendants' right to amend their Answer to include the affirmative defense of failure to mitigate.

3.    Even if leave is required, this Court has recognized that a sufficient basis must exist to support the denial of leave to amend "because the purpose of pleading under the Federal Rules of Civil Procedure is 'to facilitate a proper decision on the merits,' not to set the stage for 'a game of skill in which one misstep by counsel may be decisive to the outcome.'"  Dove v. Washington Metropolitan Area Transit Authority, 221 F.R.D. 246, 247 (D. D.C. 2004), citing Foman v. Davis, 371 U.S. 178 (1962).  As noted by the Court in Dove, "[t]o further the goal of deciding cases on their merits and avoiding adjudication by technicality, Rule 15 allows for amendment 'whereby a party who harmlessly failed to plead an affirmative defense may find

2

satisfaction' rather than allowing the party to lose because of a minor technical mistake made in its original pleading." Dove at 247 (citations omitted).

4.    Plaintiff claims that he would be "severely prejudiced" if Defendants are permitted to amend their Answer to assert the defense of failure to mitigate damages. See Plaintiff's Opposition at 4.[1]    Yet, before the controversy arose concerning the proposed amendment, Plaintiff had *already consented* to a second deposition on the issue of his efforts to mitigate his damages since he was deposed for the first time in October 2006. See Exhibit 1 attached hereto.[2]    Plaintiff has been on notice since his first deposition that mitigation of damages was an issue in this case and his feigned surprise is disingenuous, at best. At its core, Plaintiff's objection to the proposed amendment is merely an attempt to take advantage of a technical error.

5.    As a practical matter, Plaintiff would suffer *no* prejudice if the proposed amendment were allowed. While Plaintiff argues that he would be deprived of the opportunity to discover facts or obtain documents that would "enable him to assess and respond" to the mitigation defense, it is abundantly clear that no such discovery is necessary. The defense of failure to mitigate is based exclusively on the Plaintiff's own efforts to secure alternative employment following his termination by Defendant Buvermo in March 2006. As this information is in Plaintiff's exclusive control -- i.e. Plaintiff is fully aware of the scope of his

---

[1]    Plaintiff also objects to Defendants' delay in seeking to assert the affirmative defense of failure to mitigate damages, but Defendants filed the Motion before the Court immediately upon discovering that the defense had been inadvertently omitted from their Answer. In any event, "delay without the requisite prejudice is ordinarily insufficient to justify denial of leave to amend." Dove, 221 F.R.D. at 249; Carribean Broad Sys., Ltd. v. Cable & Wireless, P.L.C., 148 F.3d 1080, 1084 (D.C. Cir. 1998).

[2]    In an Order entered on February 21, 2008, this Court noted that "[n]othing in this Order should be construed as preventing Defendants from re-deposing Plaintiff regarding his efforts to mitigate damages in light of Plaintiff's consent to be re-deposed on this issue." Order at 4, fn. 2.

own efforts to mitigate his damages -- there is simply no need for the Plaintiff to conduct any discovery on this issue.

6.      While Plaintiff would suffer no prejudice if Defendants' are permitted to amend their Answer, Defendants would suffer grave prejudice if the proposed amendment is not permitted.  Given the fact that Plaintiff alleges the existence of a 10 year oral employment contract, Defendants should be permitted to raise the defense of failure to mitigate if the facts show that Plaintiff has not made reasonable efforts to secure alternative employment since his termination.  If Defendants are precluded from raising this defense at trial, Plaintiff could potentially receive an unwarranted windfall if he is successful at trial.

7.      Finally, the fact that this Court previously would not permit Plaintiff to pursue a claim for severance pay is entirely irrelevant.  Plaintiff failed to make this claim in his Complaint and, unlike Defendants, never sought leave to amend his Complaint to add such a claim under Rule 15.  Rather, this claim appeared for the very first time in Plaintiff's Opposition to Defendants' Motion for Summary Judgment.  As it should have, the Court foreclosed Plaintiff's attempt to bypass the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court GRANT their Motion for Leave to file an Amended Answer to Plaintiff's Second Amended Complaint.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC


By:    /s/  Marc J. Smith
       Marc J. Smith
       D.C. Bar No. 460255
       11 North Washington Street
       Suite 520
       Rockville, Maryland 20850
       Phone: (301) 838-8950

       Counsel for Defendants

5