UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN H. MORRIS<br><br>    Plaintiff,<br><br>    v.<br><br>BUVERMO PROPERTIES, INC., et al.,<br><br>    Defendants. | Civil Action No. 06-1131 (HHK)(AK) |

**MEMORANDUM ORDER**[1]

Pending before the Court are Defendants' Motion for Leave to File an Amended Answer to Plaintiff's Second Amended Complaint [56], Plaintiff's Opposition [60], and Defendants' Reply [63]. Having considered the submissions of the parties and the argument presented at the hearing on March 21, 2008, the Court issues the following Memorandum Order.

**I.    Background**

This case involves several contract and tort claims that stem from Plaintiff's employment as President and CEO of Defendant Buvermo Properties, Inc. from June 2005 until March 2006 and a compensation agreement that was executed by the parties incident to his employment. (Second Am. Compl. [52] ¶¶ 14, 19, 33.)  Plaintiff seeks damages and a declaratory judgment stating that Plaintiff is entitled to a percentage of cash receipts from two investment properties

---

[1] United States District Judge Henry H. Kennedy referred this case to the undersigned Magistrate Judge for resolution of Defendants' Motion for Leave to File Amended Answer to Second Amended Complaint pursuant to Local Civil Rule 72.2(a).  (*See* "Order of Referral to United States Magistrate Judge" [61] dated 2/28/08.)

and the option of investing his own equity in two future investment projects. (*Id*. ¶¶ 62-66.)

Plaintiff filed his Complaint [1] on June 21, 2006, and subsequently filed a First Amended Complaint [34] on October 6, 2006 and a Second Amended Complaint [52] on January 28, 2008. Defendants answered each Complaint, but in doing so "inadvertently failed to include an affirmative defense regarding Plaintiff's failure to mitigate his damages." (Def.'s Mot. [56] ¶ 3.) Defendants now seek to amend their Answer to Plaintiff's Second Amended Complaint to add this affirmative defense. (*Id*. ¶ 4.)

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course "before being served with a responsive pleading, or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." For amendments that do not occur within this time period, the moving party must obtain either the opposing party's consent or leave of court, and leave shall be freely granted "when justice so requires." FED. R. CIV. P. 15(a)(2). The decision to grant or deny a party's request to amend its complaint rests within the sound discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Supreme Court has held that

> in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

*Id*. The non-moving party generally bears the burden of persuading the court that it would be unduly prejudiced by the amendment or that one of the other factors set forth in *Foman* are

present. *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004).

In *Dove v. WMATA*, 221 F.R.D. 246, 247 (D.D.C. 2004), the government sought to amend its answer to include the affirmative defense of *res judicata* ten weeks after it had filed its answer. The Court held that the ten week lapse did not constitute undue delay because of the potential judicial resources a court could save if leave to amend were granted. *Id*. at 248. The Court further stated that "a court should not deny leave to amend based solely on the time elapsed between the filing of the complaint and the request for leave to amend." *Id*. As to the issue of undue prejudice, the plaintiff in *Dove* argued that the amended answer would require him to respond to a new defense at a late stage in the case. *Id*. Because discovery had not yet commenced, the Court held that plaintiff would not be unduly prejudiced because there would be an adequate opportunity to explore the issue of *res judicata* during discovery. *Id*. at 249. Finally, the Court defined "undue prejudice" as "not mere harm to the non-movant but a denial 'of the opportunity to present facts or evidence which [ ] would have [been] offered had the amendment [ ] been timely." *Id*. at 248 (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 82-cv-220, 1988 WL 122568, at *4 (D.D.C. Nov. 8, 1988)).

The liberal amendment regime embodied in Rule 15(a) is contrasted with the rigidity of Federal Rule of Civil Procedure 8(c), which requires a party to state any and all affirmative defenses in a responsive pleading. A party's failure to plead an affirmative defense in its answer to a complaint generally waives that defense. *Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.,* 513 F.2d 407, 420 n. 92 (D.C. Cir. 1975). Moreover, courts have routinely held that failure to mitigate damages constitutes an affirmative defense that is waived if not initially pleaded. *Sayre v. Musicland Group, Inc.*, 850 F.2d 350, 353 (8th Cir. 1988) ("As with other

affirmative defenses, failure to plead mitigation of damages as an affirmative defense results in a waiver of that defense and its exclusion from the case.") (cited in *Lennon v. United States Theatre Corp.*, 920 F.2d 996, 1000 (D.C. Cir. 1990)).

Some courts have held that this general rule of waiver is "not applied automatically and as a practical matter there are numerous exceptions to it." *Lewis v. Hermann*, 775 F.Supp. 1137, 1143 (N.D.Ill. 1991). Similarly, this Circuit has noted that failure to raise an affirmative defense could lead to loss of that defense while simultaneously "'reject[ing] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[ing] the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Harris v. Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In *Lewis*, for example, the Court allowed defendants to proceed with a statute of limitations defense even though they first raised it in their answer to an amended complaint. *Lewis*, 775 F.Supp. at 1143. Because the Court found that the plaintiff would not be prejudiced, it concluded that the circumstances of the case did not warrant a finding of waiver. *Id*.

### III.   Discussion

Defendants seek to amend their Answer to Plaintiff's Second Amended Complaint in accordance with the liberal standard for amendment of pleadings set forth in Rule 15(a)(2). (Def.'s Mot. [56] ¶ 6.)[2] Plaintiff responds that the defense should be deemed waived because

---

[2] The Court summarily rejects Defendants' primary argument, which is that they have a right to amend their Answer "as a matter of course" pursuant to Rule 15(a)(1). (*See* Def.'s Mot. ¶ 5.) Allowing Defendants to automatically amend their Answer under the circumstances of the present case would create an end-run around Rule

Defendants "have presented no explanation for their failure to timely assert the defense, and plaintiff will be severely prejudiced if they are granted leave to assert the defense at this late stage in the litigation."  (Pl.'s Opp'n [60] ¶ 13.)  Plaintiff further argues that Defendants' failure to timely raise this defense denied him "the opportunity to discover facts or obtain any records from defendants or third parties to enable him to assess and respond to their mitigation defense."  (*Id*. ¶ 16.)  In determining whether to exercise its discretion and grant Defendants' Motion, the Court will consider the two *Foman* factors that are implicated by Plaintiff's argument: undue delay and undue prejudice.

Defendants failed to raise the affirmative defense of mitigation of damages in Answers that were filed on July 17, 2006, February 15, 2007, and January 29, 2008 even though Defendants intended to utilize this defense since the beginning of the litigation.  Moreover, Defendants only explanation for failing to assert this defense at an earlier time is that they "inadvertently failed" to do so.  Although the Court finds that defense counsel's conduct was clearly derelict, the Court does not believe that undue delay is a sufficient basis for denying Defendants' Motion.

As to the issue of undue prejudice, the Court notes that fact discovery in this case closed on December 8, 2006.  Plaintiff stated at the hearing that had he been aware of this defense during the pendency of discovery, he would have used various discovery tools, including contention interrogatories and depositions, to explore mitigation of damages.  Plaintiff also

---

8(c) and allow Defendants to benefit from serendipity of Plaintiff filing an amended complaint.

asserted that he might have retained an expert witness to testify at trial regarding this issue.[3] Defendants respond by claiming that Plaintiff was put on notice of this defense as early as October 12, 2006 when Plaintiff was deposed and questioned about his efforts to obtain alternative employment and accordingly could have taken discovery on the issue. (Def.'s Mot. ¶ 3.) The Court agrees with the Plaintiff that this is a dangerous proposition and would force attorneys to question the motives and strategy of every question asked by an opponent in a deposition to determine whether they were seeking to introduce a new defense.[4]

Overall, the Court agrees with Plaintiff that he would be prejudiced by the addition of a new affirmative defense. However, the Court finds that this prejudice can be minimized in two ways. First, the Court will re-open discovery for a period of thirty days to allow Plaintiff to take discovery on the issue of mitigation of damages. No additional discovery will be permitted to Defendants, and this thirty day period may be extended upon a showing of good cause. Second, the Court will adopt a proposal offered by Plaintiff at the hearing and limit the evidence that Defendants may introduce in support of their affirmative defense. In attempting to meet their burden of proof on this defense, Defendants are limited to (1) evidence obtained from Plaintiff's two depositions; (2) anything Plaintiff says if and when he testifies at trial; and (3) any other

---

[3] Defendants assert that Plaintiff would not be prejudiced by the amendment because "the issue will not require any discovery on Plaintiff's part, as the facts underlying this defense are uniquely in Plaintiff's possession - i.e. Plaintiff is fully aware of the scope of his efforts to mitigate damages." (Def.'s Mot. ¶ 6.) The Court does not agree with this conclusory statement in light of Plaintiff's representation that he believes expert testimony is required on the issue of mitigation of damages.

[4] In *Sayre*, the Court held that a party's failure to object to deposition questions about mitigation of damages did not mean that the party consented to trial of the defense, which had not been raised in the pleadings. *Sayre*, 850 F.2d at 355. Although *Sayre* dealt with trial of issues by the consent of the parties under Rule 15(b)(2) rather than amendment of pleadings under Rule 15(a), it demonstrates that party's conduct during a deposition has no bearing on the inclusion of defenses in the case.

evidence offered by Plaintiff at trial on the issue of mitigation of damages.

### III. Conclusion

For the foregoing reasons, it is this   31st   day of March, 2008, hereby

**ORDERED** that Defendants' Motion for Leave to File an Amended Answer to Plaintiff's Second Amended Complaint [56] is **granted**; and it is further

**ORDERED** that discovery shall be re-opened for a period of thirty days to allow Plaintiff, and only Plaintiff, to take discovery of the issue of mitigation of damages.  This limited period of discovery will close on April 25, 2008 and an extension of the thirty day period may be granted for good cause shown; and it is further

**ORDERED** that Defendants' proof on the issue of mitigation of damages shall be limited to information obtained from Plaintiff during his two depositions, statements made by Plaintiff if and when he testifies at trial, and any other evidence offered by Plaintiff at trial on the issue of mitigation of damages; and it is further

**ORDERED** that Defendants shall file their Amended Answer to Plaintiff's Second Amended Complaint within five days of this Memorandum Order.

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE