IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JONATHAN H. MORRIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No.:  1:06CV01131 (HHK) |
| | : | Next Event:  Pretrial Conference |
| **BUVERMO PROPERTIES, INC., et al.,** | : | July 15, 2008 at 9:45 a.m. |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OR
OTHER EVIDENCE AT TRIAL REGARDING THE PURPORTED RETROSPECTIVE
VALUE OF PLAINTIFF'S INTERESTS IN REAL PROPERTY INVESTMENTS
MADE BY FIDELIO PROPERTIES OR ITS AFFILIATED COMPANIES**

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby requests an Order precluding defendants from offering expert testimony or other evidence at trial regarding the purported retrospective value of plaintiff's interests in various real property investments made by defendants Fidelio Properties and its affiliated companies (hereinafter collectively referred to as "Fidelio").  In support of this motion, plaintiff states as follows:

This case involves plaintiff's claims arising from the termination of his employment with Buvermo Properties, Inc. ("Buvermo") and the defendants' subsequent refusal to recognize his interests in various real estate investments that were made by Fidelio from the time plaintiff was hired through June 29, 2015, the date on which his employment agreement was set to expire. Among other things, plaintiff is seeking a declaratory judgment recognizing his interest in these investments, and further recognizing his corresponding right to distributions from revenues generated from these investments.  See Second Amended Complaint at Count IV.  These investments include, but are not limited to, two commercial properties that Buvermo initiated

prior to plaintiff's termination and that Fidelio acquired soon after his termination: the Spotswood Valley Shopping Center ("Spotswood") and the Reston International Center ("RIC").

With respect to Spotswood and RIC, defendants contend that, in the event plaintiff is deemed to have an interest in these investments, they would have redeemed his interest immediately upon Fidelio's investment in these properties and that, at that time, the value of plaintiff's interest was zero. Thus, according to defendants, should the jury conclude that plaintiff was entitled to an interest in these properties notwithstanding his termination, he should nonetheless be deemed to have no interest in the properties. Defendants point to Section 8.9 of the Limited Liability Company Operating Agreement of FPEP (the "FPEP Agreement") as support for their argument, which provides, in relevant part, as follows:

> <u>Redemption of Member's Membership Interest.</u>[1] Notwithstanding any other provision of this Article VIII to the contrary, in the event that either **Gardner or Bonacci** (the "<u>Departed Employee</u>") withdraws from the Company or ceases to be employed by Buvermo Properties, Inc. or another affiliate of Fidelio, by reason of death, disability, retirement or any other reason (such withdrawal or cessation is hereinafter referred to as the "<u>Termination</u>"), then the Manager shall have the right, **upon written notice to the Departed Employee given within sixty (60) days of the Termination**, to redeem the Departed Employee's entire Membership Interest . . . (the "<u>Call</u>"). If such Call is not exercised by the Manager prior to the expiration of the Manager's right to make the Call, the Departed Employee shall have the right, exercisable by giving written notice to the Manager within sixty (60) days after expiration of the Manager's right to make the Call or earlier waiver of such right, to require such redemption by the Manager (the "<u>Put</u>"). The Manager may waive its Call right and the Departed Employee may waive its Put right and either party may permit its respective right to expire unexercised. The purchase price ("<u>Purchase Price</u>") relating to a Put or Call shall be determined as follows:

---

[1] Section 2.2 of the defines the terms "Membership Interest" as follows:

> Each Member's interest in the Company (the "<u>Membership Interest</u>") shall include any and all benefits and rights to which such Member may be entitled as provided in this Agreement and all obligations of such Member pursuant to the provisions of this Agreement. Each Member shall participate in the Company based on its Capital Contributions, except as to certain matters by which their terms are based on the Membership Percentages.

<u>See</u> Exh. 1 at § 2.2.

2

      (i)    Within thirty (30) days after written notice of the exercise of the Put or Call has been given by one party to the other the Manager and the Departed employee each shall submit to the other a sum (the "Market Value") representing its calculation of the market value of Fidelio's interest in each property which, as of the date of Termination, has been designated by Fidelio as an FPEP Property. If the lower of the Market Values for an FPEP Property is equal to at least eighty percent (80%) of the higher of the Market Values, then the Purchase Price for that Property shall be equal to the average of the two (2) Market Values. In the event that the lower of the Market Values is equal to less than eighty percent (80%) of the higher of the Market Values, then the parties shall have thirty (30) days to agree upon a Market Value for such Property. **If the parties fail to agree on a Market Value within said thirty (30) days, then within ten (10) days thereafter, they shall jointly appoint a disinterested arbitrator, experienced in evaluating properties of the type designated as FPEP Property in the Washington, D.C. metropolitan area, to determine the Market Value**. The arbitrator shall designate as the Market Value the market value which the arbitrator determines is closest to the market value of the FPEP Property in question, and such designation shall be conclusive for purposes thereof.

      (ii)    The Market Value, as determined pursuant to Section 8.9(i) hereof, for each FPEP Property shall be reduced in accordance with Section 3.03 of the Fidelio Agreement (such reduction to include without limitation, the estimated costs of completing a sale of the relevant FPEP Property and by any liability of Fidelio or the ownership entity in connection with the relevant FPEP Property, and such reserves as the Management Committee of Fidelio may determine). The Purchase Price for each FPEP Property to be received by the Departed Employee shall equal the amount which such Departed Employee would receive upon liquidation of the relevant FPEP Property for the Market Value, as finally determined, following the sale of each FPEP Property, the distribution of the appropriate proceeds to Fidelio, and by Fidelio to the Company (pursuant to the Fidelio Agreement), and the liquidation of the Company.

See Exh. 1 (FPEP Agreement) at § 8.9 (emphasis added).

Defendants recently designated an expert to testify regarding the "retrospective market value" of the Spotswood and RIC properties. See Rule 26(a)(2) Statement filed on March 28, 2008. Based on the two expert reports attached to their designation, defendants' expert will testify that, as of the date Fidelio acquired its interest in these properties, the market value of the properties was less than the price actually paid to acquire them. It is anticipated that defendants will then use this testimony to establish that, had they exercised their right to redeem plaintiff's interest, plaintiff would not have been entitled to any compensation.

This Court should not permit defendants to raise this argument at trial or offer any evidence in support thereof, expert or otherwise. Defendants' claim that they would have redeemed plaintiff's interest is nothing more than a transparent effort to rewrite the facts as they deem necessary to support their defenses. The undisputed fact is that defendants never did exercise any alleged right to redeem plaintiff's interests. Indeed, through no fault of the plaintiff, defendants never issued any Call in accordance Section 8.9 of the FPEP Agreement. Instead, defendants took the position that, because he was terminated prior to the acquisition of the Spotswood and RIC properties, plaintiff had no interest to redeem. Defendants would now have this Court grant them an opportunity to retroactively exercise their alleged right to redeem plaintiffs' interest. There simply is no legal basis for affording them this right. Defendants had the opportunity to exercise their alleged right, but made a conscious decision not to. They must now live with that decision.

Defendants' argument also is inapplicable here because, pursuant to its own terms, Section 8.9 of the FPEP Agreement does not apply to plaintiff. Rather, as Section 8.9 makes clear, the provision applies only to the redemption of interests owned by "Gardner and Bonacci," and the provision was never amended to identify plaintiff as a Departed Employee under Section 8.9. Although defendants have attempted to attribute the failure to amend the FPEP Agreement to plaintiff, there is simply no support for their claim. Indeed, the FPEP Agreement itself charges the Manager, not plaintiff, with the responsibility for making such amendments. See FPEP Agreement at Sections 8.6 and 8.7. John Gardner, the acting Manager at the time, has conceded that it was his responsibility to amend the FPEP Agreement, and that he failed to do so. See Exh. 2 (Gardner Dep.) at 77-8.

Finally, even if Section 8.9 applied to plaintiff and could be exercised retroactively, this Court lacks jurisdiction to decide the value of plaintiff's interest because that issue must be arbitrated. As previously set forth, Section 8.9 unequivocally provides that, in the event there is a dispute over the value of plaintiff's interest, the matter must be submitted to a neutral arbitrator for resolution. See Exhibit 1 at Section 8.9 (i) ("If the parties fail to agree on a Market Value . . . they shall jointly appoint a disinterested arbitrator, experienced in evaluating properties of the type designated as FPEP Property in the Washington, D.C. metropolitan area, to determine the Market Value."). It is well-settled in this jurisdiction that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. See Hercules & Co., Ltd. v. Shama Restaurant Corp., 613 A.2d 916, 922 (citing Friend v. Friend, 609 A.2d 1137, 1139 (D.C. 1992) and Sindler v. Batleman, 416 A.2d 238, 242 (D.C. 1980)). As stated by the Hercules court,

> an order to arbitrate the particular [dispute] should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

Id. (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960)). Here, there can be no doubt that Section 8.9 requires parties to submit to arbitration their dispute concerning the value of plaintiff's interest, assuming that interest could be and was redeemed. As such, this issue is not properly before this Court and all evidence related thereto, including the testimony of defendants' experts, should be excluded at trial.

WHEREFORE, plaintiff requests Order precluding defendants from offering expert testimony or other evidence at trial regarding the purported retrospective value of plaintiff's interests in various real property investments made by defendants Fidelio Properties and its affiliated companies.

                              Respectfully submitted,

By:   /s/ Ziad Haddad_____
       David C. Tobin, Esq., D.C. Bar # 395959
       Ziad P. Haddad, Esq., D.C. Bar #469470
       Tobin, O'Connor & Ewing
       5335 Wisconsin Avenue, N.W., Suite 700
       Washington, D.C.  20015
       Tel:  (202) 362-5900
       Fax:  (202) 362-5901
       *Attorney for Plaintiff Jonathan Morris*

## LOCAL RULE 7(m) CERTIFICATION

Pursuant to Local Rule 7(m), counsel for plaintiff spoke with defense counsel by telephone regarding the relief requested herein.  Defense counsel confirmed that defendants will not consent to this motion.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on April 3, 2008, a true and correct copy of the foregoing was served via the Court's electronic filing system on the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850


                            /s/ Ziad Haddad_____
                            Ziad Haddad