IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JONATHAN H. MORRIS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No.: 1:06CV01131 (HHK) |
| : | Next Event: Pretrial Conference |
| **BUVERMO PROPERTIES, INC., et al.,** : | July 15, 2008 at 9:45 a.m. |
| : | |
| **Defendants.** : | |

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE

Plaintiff Jonathan H. Morris ("plaintiff"), through his undersigned counsel, hereby submits his reply in support of his Motion In Limine, and states as follows:[1]

In their Opposition To Plaintiff's Motion In Limine ("Opposition"), defendants confirm their intention "to present expert testimony at trial concerning the market value of Spotswood and RIC at the time these properties were acquired by Fidelio, in order to establish the value of Plaintiff's alleged interests for redemption purposes." See Defendants' Opposition at 7-8. The value of plaintiff's interests in Spotswood and RIC at the time defendants acquired an interest in those properties is of absolutely no relevance, however, unless defendants can establish that (i) they had a right to redeem plaintiff's interest and (ii) that they actually exercised that right when the properties were acquired or that they may now retroactively exercise that right. As set forth in plaintiff's Motion In Limine, the redemption provision upon which defendants rely by its express terms does not apply to plaintiff. But, even if this Court were to conclude otherwise, it is

---

[1] In their opposition to the Motion In Limine, defendants argue that plaintiff is not entitled to an interest in any transaction because the alleged conditions precedent to receiving that interest were not met prior to his termination. As plaintiff previously pointed out in opposing defendants' summary judgment motion, which the Court denied on this point, the agreed-upon conditions precedent to plaintiff receiving an interest are the subject of disputed facts. See Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment at 14-18. In any event, this issue need not be resolved in connection with the instant motion, and therefore, plaintiff will not address it in this reply.

undisputed that defendants never exercised their alleged redemption right, and they have yet to put forth any legal basis for doing so retroactively.

Recognizing, as they must, that they have yet to exercise their alleged right of redemption, defendants argue that their failure to do so should be excused because plaintiff never had any interest to redeem. <u>See</u> Opposition at 8. This argument, if correct, does not make relevant any evidence concerning the value any properties, including defendants' proposed expert testimony. To the contrary, if it is true that plaintiff never had any interest to redeem – an issue to be litigated and decided at trial – then it is equally true that the value of plaintiff's non-existing interests is wholly irrelevant.

Even if the jury concludes that plaintiff is entitled to an interest in Spotswood and RIC, however, any evidence offered to establish the value of that interest when the properties were acquired still is irrelevant because defendants had no right to redeem those interests. It is undisputed that defendants never amended the FPEP Agreement's redemption provision to identify plaintiff as a "Departed Employee." Nor have defendants articulated any legal basis which would permit them to now amend the FPEP Agreement to include plaintiff within this definition of "Departed Employee."[2]

---

[2] In their Opposition, defendants point out that plaintiff's offer letter provides that "[a]ll items will be governed by the FPEP LLC agreement, of which you will become a member." Yet, defendants fail to explain how this provision renders the agreement's redemption provision applicable to plaintiff, particularly in light of the fact that they admittedly failed to amend the provision to identify him as a "Departed Employee," much less present it to him for his acceptance. Moreover, defendants' argument not surprisingly neglects to mention the following facts:

- During his deposition, defendants' designee acknowledged that, as written, the Offer Letter is not clear on what "items" would be governed by the FPEP Agreement.

- As admitted by defendants' designee, the intention was to amend the FPEP Agreement to include plaintiff, to then provide it to him so that he could review it, and to then pass it on to his attorney for his comments.

- Plaintiff was not provided a copy of the FPEP Agreement prior to executing his Offer Letter.

2

Defendants also claim that, if plaintiff is deemed to have an interest in Spotswood and RIC, they should be permitted to retroactively amend the FPEP Agreement and retroactively exercise their redemption rights because "[i]t would be inequitable and contrary to the terms of the operative agreements to provide Plaintiff with the promoted interests at issue without affording Defendants their corresponding right to redeem these interests." See Opposition at 9. It is the defendants, and no one else, who are to blame for their failure to amend the FPEP Agreement, for their refusal recognize plaintiff's interest in any transaction, and for their decision not to exercise their alleged right to redeem plaintiff's interests. There is nothing inequitable about requiring defendants to face the consequences of their own actions. And, notwithstanding defendants' suggestion to the contrary, neither the so-called "operative agreements" nor any principle of law grants defendants the right to retroactively amend and enforce their terms.[3]

---

- In fact, plaintiff was told that it was unnecessary for him to review the FPEP Agreement prior to his hiring because there were no deals on the table at the time.

- Prior to executing his Offer Letter, plaintiff asked about the reference to FPEP Agreement in the letter, and was told by defendants that "it was to more or less to induct entities or people into the investments that prospectively we would make."

- Defendants further represented that the FPEP Agreement would be consistent with agreed-upon terms of plaintiff's Offer Letter, which does not contain any redemption provision.

- Plaintiff asked defendants on no fewer than three occasions for a copy of the proposed amended FPEP Agreement to send to his counsel, and he was never provided with the amended agreement.

- At no time prior to the start of plaintiff's employment, or prior to his termination for that matter, did defendants actually advise plaintiff that his right to receive any promoted interest could be redeemed upon plaintiff's termination.

See Plaintiff's Statement of Disputed Material Facts in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment at ¶¶ 74-83. Although these facts were set forth in plaintiff's Statement of Disputed Material Facts, they have never been disputed by defendants.

[3] Defendants' argument that plaintiff is "having it both ways" by seeking recognition and enforcement of his interests while at the same time claiming that such interest may not be retroactively redeemed is specious. Unlike defendants, plaintiff is not seeking to now exercise some right that he voluntarily and through no fault of the defendants failed to exercise.

3

Finally, that Section 8.9 requires a dispute over the value of plaintiff's interest be submitted to a neutral arbitrator for resolution is clear.  See Exhibit 1 to Motion In Limine at Section 8.9 (i) ("If the parties fail to agree on a Market Value . . . they shall jointly appoint a disinterested arbitrator, experienced in evaluating properties of the type designated as FPEP Property in the Washington, D.C. metropolitan area, to determine the Market Value."). Even if this arbitration provision is ambiguous, as defendants attempt to argue, such ambiguity must be resolved in favor of arbitration.  See Hercules & Co., Ltd. v. Shama Restaurant Corp., 613 A.2d 916, 922 (citing Friend v. Friend, 609 A.2d 1137, 1139 (D.C. 1992).

Plaintiff does not dispute that the events triggering the appointment of an arbitrator under Section 8.9 have yet to occur.  This fact, however, does not vest this Court with jurisdiction over the matter.  As set forth in Section 8.9, the redemption process is put in motion once and only if FPEP's Manager, F.P. Investments, Inc. ("FPI"), exercises its Call right or the employee exercises his or her Put right.  In this case, neither FPI nor plaintiff has exercised any alleged Call or Put rights under Section 8.9.  Thus, the issue is not even ripe for adjudication, whether by an arbitrator or by the Court.

Because the process under Section 8.9 never was initiated, no dispute over the value of the redeemable interest has yet arisen.  What is clear, however, is that the evidence that defendants seek to offer at trial concerning the value of the Spotswood and RIC is only relevant to the extent there is such a dispute.  If and when such a dispute arises, that dispute is not for the Court (or the jury) to decide, but rather must be arbitrated pursuant to the provisions of Section 8.9.

Respectfully submitted,

By:   /s/ Ziad Haddad_____
David C. Tobin, Esq., D.C. Bar # 395959
Ziad P. Haddad, Esq., D.C. Bar #469470
Tobin, O'Connor & Ewing
5335 Wisconsin Avenue, N.W., Suite 700
Washington, D.C.  20015
Tel:   (202) 362-5900
Fax:  (202) 362-5901
*Attorneys for Plaintiff Jonathan Morris*

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on May 5, 2008, a true and correct copy of the foregoing was served via the Court's electronic filing system on the following:

Marc J. Smith, Esq.
Smith, Lease & Goldstein, L.L.C.
11 North Washington Street
Suite 520
Rockville, MD  20850

/s/ Ziad Haddad_____
Ziad Haddad